CHRISTOPHER R. LUCAS (SBN 95293)
LAW OFFICES OF GOFORTH & LUCAS
2300 Clayton Road, Suite 1460
Concord, California 94520
TELEPHONE: (925) 682-9500
FACSIMILE: (925) 682-2353

Attorney for Plaintiffs,
AVIS DOCTOR, CHARI OGOGO,
PAULETTE MAYO, KAREN SMITH,
SUZETTE STEINBERG, THOMAS STEINBERG,
AMY LEVESQUE, GEORGE ROACH,
AMREE JOHAL, SYLVIA HERNANDEZ,
DICK LING, JOHN O'BRIEN,
KIFLAI TESFAI, LAURA ZAMORA, AND RAUL ZAMORA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco)

AMY LEVESQUE, GEORGE ROACH,

Plaintiffs,

v.

KANYA TENNYSHA COLEMAN aka KANYA HILL aka KANYA MAXIMO, CHARLES E. COLEMAN aka CHARLES E. COLEMAN SR., YVONNE E. GAMBLE, FREDERICK C. GAMBLE, JORIE WRIGHT, FLOYD W. WATSON, K PLATINUM GROUP, INC., K PLATINUM REALTY, INC., K PLATINUM FINANCIAL, INC., K PLATINUM ASSOCIATES, INC., K PLATINUM INTERNATIONAL, INC., K PLATINUM INTERNATIONAL ASSOCIATES, INC., K PLATINUM INTERNATIONAL FINANCIAL, INC., K PLATINUM INTERNATIONAL GROUP INC., K PLATINUM INTERNATIONAL REALTY, INC., K PLATINUM PERSONNEL SERVICES, K PLATINUM INTERNATIONAL ASSOCIATE INVESTMENT, REAL ESTATE PERSONNEL SERVICES a business organization

FEDERAL CASE NO: C07-03269 MJJ

PLEASE SEE RELATED
FEDERAL CASE NO: C07-03270 JL

(Consolidated STATE CASE: MSC07-01018; MSC 07-01016)

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT BY CERTAIN PLAINTIFFS IN CONSOLIDATED ACTION AGAINST THOSE NAMED DEFENDANTS REFERRED COLLECTIVELY AS "KPG" FOR "K PLATINUM GROUP"**

Date: 8/28/07
Time: 9:30 a.m.
Courtroom: 11

unknown, REALLIFE CONSULTING, a business organization unknown, OUTERSPHERE INC., OUTERSPHERE LLC, OUTERSPHERE INVESTMENT GROUP, LLC, BLUE SKY TRUST, a business organization unknown, PROSPERITY MATTERS LLC, POWER OF SEVEN LOAN-FUND ONE LIMITED PARTNERSHIP, SANFORD AND PETERSON INTERNATIONAL INVESTMENT GROUP, INC., LAND AMERICA aka LAND AMERICA CAPITAL CORPORATION, BRENDA ANN MICHELSON, CAROL ANN DICKSON, CLAYTON GRACE, and DOES 1 to 500, INCLUSIVE,

Defendants.

_______________________________________/

**INTRODUCTION:**
**PLAINTIFFS ARE OVER TWENTY INDIVIDUALS IN EIGHT SEPARATE CASES WHICH WERE CONSOLIDATED IN THE STATE COURT**

**PLAINTIFFS IN CONSOLIDATED CASE MOVE FOR REMAND BASED ON DISMISSAL OF ALL RICO CLAIMS. ALSO: UNTIMELY REMOVAL, WAIVER BY DEFENDANTS OF REMOVAL, AND FAILURE OF "KPG" DEFENDANTS TO OBTAIN CONSENT OF OTHER SERVED DEFENDANTS TO REMOVAL**

**(1) DEFENDANTS SERVED IN THE STATE CASE HAVE NOT PROPERLY JOINED IN REMOVAL**
**("RULE OF UNANIMITY" FOLEY V. ALLIED INTERSTATE, INC., 312 F.Supp.2d 1279 (C.D.Cal.2004), 28 USC 1446(a),(b).)**

**(2) THE INTENT OF ONLY REMAINING RICO ALLEGATION TO BE DISMISSED IS CLEAR. COURT SHOULD REMAND 28 USC 1441(c) CLAIMS IN EXERCISE OF DISCRETION TO PREVENT DISRUPTION OF STATE COURT ORDERS; FORUM SHOPPING, RECONSIDERATION OF RECEIVER**

**(3) ALL REMAINING CLAIMS ARE PURELY STATE LAW CLAIMS INVOLVING PROPERTY RIGHTS TO CONTRA COSTA HOMES AND MORTGAGES, STATE BROKER LAW, STATE LIS PENDENS REMEDIES; NO DIVERSITY**

**(4) THE COURT SHOULD NOT EXERCISE DISCRETION TO KEEP CASE IN FEDERAL COURT SINCE REMOVAL WAS COINCIDENT WITH DISMISSALS OF ALL FEDERAL CLAIMS, AND RICO CLAIM IS *CONCURRENT* JURISDICTION 28 USC 1367(c)(2)(3)**

**(5) KPG DEFENDANTS REMOVE TO AVOID APPOINTMENT OF RECEIVER, BUT BY OPPOSING THE RECEIVER MOTION AND OTHER UNFAVORABLE MOTIONS AND LOSING, DEFENDANTS WAIVED REMOVAL**

**(6) REMOVAL NOTICE IS NOT TIMELY AS TO CONSOLIDATED CASE BASED ON SERVICE OF DOCU CLAIMS IN MARCH AND FILING OF REMOVAL NOTICE JUNE 21: NONE OF THE CURRENTLY FILED CASES WILL HAVE ANY FEDERAL LAW ISSUES, AND REMOVAL DISRUPTS PROGRESS IN PREJUDMENT RECEIVER AND CASE CONSOLIDATION**

Approximately twenty Plaintiffs filed at least eight separate lawsuits IN STATE COURT, against the "K Platinum" real estate brokers as defendants, AND also against OTHER Defendants. The K Platinum defendants, who alone sought removal, solicited and received large case investments and "equity share" home purchases, from the plaintiffs, during a six month period in the second half of 2006. KPG then closed up offices without any forwarding address and did not pay investment returns or return principal as guaranteed.

Plaintiffs timely move for remand to the State court, on numerous grounds, which must be resolved in favor of remand.

> "District courts must construe removal statues strictly against removal and resolve any uncertainty as to removability *in favor of remand*. Takeda v. Northwestern Nat's Life Ins. Co, 765 F.2d 815, 181 (9th Cir.1985); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)." Foley v. Allied Interstate, Inc., 312 F. Supp.2d 1279 (C.D.Cal.2004).

The removing defendants, here called "KPG", raked in at least 10 million dollars from at least 400 improvident but now bereft "investors". The investors relied upon apparent profits

LAW OFFICES OF GOFORTH & LUCAS

of 25% and written guarantees that the investments were bonded, and guarantees that investors "would pay nothing" on mortgages in the so called "equity share partners" scam in which the investors' good credit was appropriated by KPG. The so called "equity partners" ended up with huge debts after KPG appropriated the loan proceeds, and KPG did not make the loan payments as promised. The KPG defendants also took cash investments but the KPG defendants never made any investments. They were only set up to take money, as in, take the money and run. Not to make money.

The various consolidated cases were removed from state court by removal notices filed in *two* departments of this court by the "KPG" defendants only on June 21, 2007. All of the state court plaintiffs' lawsuits had been consolidated by the state court judge on June 1, and a receiver and attachment and other opposed prejudgment remedies had been granted in the state court. The removing defendants KPG opposed these recent, prejudgment remedies which were granted to the plaintiffs in the consolidated State court actions, specially against the KPG defendants.

**RICO CLAIMS WILL NOT PROCEED**

Although only three, of the eight consolidated lawsuits now removed, contained an identical, but peripheral RICO claim, all

RICO claims were dismissed in state court, or will be dismissed forthwith in this court (no answers have been filed). See FRCP 41(a) that is, assuming if the Plaintiffs', who seek remand, State court dismissal is not valid (it was filed June 22, 2007. KPG's removal notice was filed June 21, 2007).

The role of North American Title and Clear Mortgage and other defendants role in facilitating the misappropriation of loan funds by KPG only became clear once the various plaintiffs could compare notes as to the equity share. For that reason Plaintiffs proposed to dismiss the RICO cause and seek leave to amend and name these new defendants, (in the State court).

Thus the only plaintiffs who had still alleged a RICO cause of action had informed the KPG defendant attorneys that RICO would be abandoned, and amendments sought against other defendants including title companies and lenders. (The Docu defendants dismissed their entire case and RICO claims July 10, 2007 pursuant to settlement with the KPG defendants, dismissed after the June 21, 2007 removal notices). The other Plaintiffs with RICO claims clearly will not proceed with that claim. 28 USC 1367(c).

Thus plaintiffs' federal dismissal of the remaining RICO would be as of right under FRCP 41 (a). Plaintiffs will seek remand of all state causes of action and dismissal of the RICO

by the federal court. But remand would be proper in any case because the State court has concurrent RICO jurisdiction, and federal jurisdiction is not pre-emptive or exclusive.

**STATE COURT REMEDIES DISRUPTED BY REMOVAL: RECEIVER, LIS PENDENS, CONSOLIDATION**

Plaintiffs' Lis Pendens notices were recorded against individual defendants' properties, which were previously KPG properties. The property remedies are state law questions, and the remedies in place are state law remedies. In fact, there may be no federal lis pendens remedies.

Remand should be ordered so that KPG cannot disrupt and call the State remedies into question by forum shopping prompted by unfavorable rulings and appointment of a receiver by the State court.

State law predominates, including State law real estate broker duties and other exclusive state real property claims and remedies. There is no diversity or other federal basis for jurisdiction, other than the discretion of the court if it so chooses, based on Plaintiffs' one day belated dismissal of RICO. 28 USC 1367 (c)(2) and (3), and Plaintiffs' intent to dismiss.

But discretion in keeping the case is not fair to the plaintiffs who saw much progress in state court by winning

important motions and prejudgment remedies including a receiver against the KPG defendants.

**ALL DOUBTS IN FAVOR OF REMAND TO STATE COURT**

The holding of the Supreme Court concerning pendent jurisdiction applies here. Carneigie-Mellon Univ. v. Cohill (1988) 484 US 343,344: "A wide discretion to remand…will enable the district courts to deal with appropriate cases involving pendent claims in a manner that best serves the principles of judicial economy, procedural convenience, fairness to litigants, and comity to the States." In such cases, there is a "*well settled presumption in favor of remand*", Student A v. Metcho (1989) 710 F Supp 267, citing Takeda v. Northwestern Nat'l Life Ins. Co. (9th Cir. 1985) 765 F 2d 815, 818. Even if RICO claims remained, RICO jurisdiction is concurrent, not pre-emptive. Cianci v. Supreme Court (1985) 40 Cal.3d 903, Taflin v. Levih, (1990) 493 U.S. 455, 466-7. But the last RICO claims are virtually defunct, dismissed or will be dismissed. Harris v. Bobers Life and Casualty, (9th Cir.2005) 425 F.3d 689, 697; Duncan v. Stuetzle, (9th Cir.1996) 76 F.3d 1480, 1485.

**PROCEDURAL BACKGROUND**

All of the plaintiffs in the consolidated cases, which were all removed, allege that they are victims of defendant KPG's slick conspiracy to defraud. KPG solicited investments which

LAW OFFICES OF GOFORTH & LUCAS

were never made, as KPG attorneys admitted in State court, in their "report to the court re: restructuring."[1]

"KPG" defendants are represented by two attorneys: Marc TerBeek, Esq. of Walnut Creek (corporate) and various individual defendants by Christopher Pham, Esq. of Los Angeles (Mr. Pham represents the individual defendant Kanya Coleman).

KPG attorneys expressly do not represent the other named defendants who have been served and who have not joined in the KPG defendants' removal notice. Remand should also be granted on the grounds that the two KPG removal notices are defective as not joined in writing by numerous served defendant (see below).

The *initial* lawsuit WITH RICO ALLEGATIONS was filed by two "investor" plaintiffs named Hemwattie and Theodore Docu. The Docu case was filed in Contra Costa Superior Court on *January 22, 2007*. That lawsuit was assigned to Contra Costa Superior Court Judge David Flinn, and was served by various means on KPG defendants which proofs *of service were formally filed on March 29, 2007*.[2]

---

[1] Please see Cal. Dept of Corporations Cease and Desist Order and California Department of Real Estate Accusation concerning the K Platinum corporate entities and the State Court order appointing Receiver, attached to Declaration of Attorney LUCAS who represents the 14 plaintiffs in two different cases consolidated State court who now move for remand to the State court. Many State court filings are not included in KPG's removal notice-including the receiver motion and KPG's opposition.

[2] The dockets are attached to the Declaration of the Attorney for the Plaintiffs currently moving for remand to show the dates of these filings and of proofs of service.

LAW OFFICES OF GOFORTH & LUCAS

KPG apparently settled with the DOCU plaintiffs, but the DOCU case, which contained the same RICO claim as the ones the current plaintiffs intended to dismiss, was nevertheless consolidated with ALL the later filed lawsuits, and the DOCU case was *also removed* along with all the other cases on *June 21*, thus the KPG defendants had to seek removal 30 days from March 29, 2007 after initial notice of RICO claim.

But not until June 21 did KPG attorneys Pham and TerBeek filed two removal notices of the entire consolidated cases. They somehow "split" the consolidated cases into two departments of the District court, with two separate action numbers. This is clearly defective, and confusing, and the defendants offered no correction or explanation, nor for why they also removed the DOCU case when they had already filed a notice of settlement months before (the DOCU dismissal was not filed in state court until July 10, 2007).

**NO REMOVAL FILED WITHIN 30 DAYS OF INITIAL FEDERAL CLAIM**

The law requires the defendants who seek removal to file notice within 30 days after service of the "initial pleading setting forth the claim for relief upon which such action of proceeding is based" OR within 30 days after receipt by the defendants, of a copy "from which it may first be ascertained that the case has become removable". See 28 USC 1446 (a).

Because the cases were consolidated, this 30 days began to run when KPG was served the DOCU RICO claims March 29 (see docket).

Defendants may claim that this period was triggered anew by the later filing of RICO claims by *some* of the newer plaintiffs. These Plaintiffs are currently moving for Remand back to the State Court, which accepted both these plaintiffs' dismissal of all RICO claims and later the DOCU dismissal (part of a settlement). Plaintiffs also tender dismissal of the RICO claim here, if necessary. But there is no good reason for federal removal.

**RICO CLAIMS DO NOT PREEMPT CONCURRENT STATE COURT JURISDICTION**

RICO claims are subject to concurrent state and federal jurisdiction in any case, and two courts with jurisdiction should defer to the first to assert it, here the state court (see below).

The 9th Circuit has held that here was no removal jurisdiction when plaintiff filed suit alleging federal mail and wire fraud statues as predicate offenses when plaintiffs sought *remedies* under state law. Easton vs. Crossland Mortgage Corp. (9th Cir. 1997 114 F3d 979, 982. "Plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction" despite plaintiffs citation of federal mail fraud as predicate offenses under state RICO claim. Patterman v. Travelers, Inc. (SD GA 1997) 11 F Supp 2d 1382,1388-1389. State

Courts have *concurrent jurisdiction* over claims filed under the federal RICO statute. Tafflin v. Levitt (1990) 493 US 455, 466-467 and the California Supreme Court holding for concurrent jurisdiction for federal RICO: Cianci v. Superior Ct. (1985) 40 Cal 3d 903, 908. The State court had concurrent RICO jurisdiction and was the first court to assert it, along with the many State claims.

**THE KPG DEFENDANTS WAIVED REMOVAL**

There were substantial defensive actions indicating the KPG defendants' willingness to litigate in State Court prior to KPG filing the removal notice in federal court. Yousefzadeh v. Nelson, Mullins, Riley and Scarborough, LLP (11th Cir. 2004) 365 F 3d 1244, 1246. See Kiddie Rides USA Inc. v. Elektro-Mobiltechnik (CD IL 1984) 579 F. Supp. 1476, 1479-1480. In that case, defendant lost a motion to vacate an order of attachment and defendant removed in order to have the federal court consider same point, just as the KPG defendants here opposed and lost the State court appointment of receiver, etc.

The KPG defendant attorneys have explicitly claimed that the receiver is in doubt because of the removal notice. This doubt extends to the state court lis pendens notices. KPG defendants attempt to get second bites of the same apple and avoid the consequences of the receiver, and the lis pendens remedies which may be unique to State court.

LAW OFFICES OF COFORTH & LUCAS

**PRESERVATION OF ASSET REMEDIES IS VITAL TO PLAINTIFFS**

In this case pre judgment freezing of assets of the short lived corporate entities is plaintiffs' last best hope to recover so many catastrophic financial losses to the short lived corporations run by con artists. See 28 USC 1450—Pham and TerBeek informed plaintiffs counsel that the receiver "expired" and that all the prejudgment orders are "in doubt". But see Jenkins v. Commonwealth Land Title Ins Co. (9th Cir. 1997) 95 F 3d 1372 at 1378. See the US Supreme Court's criticism of forum shopping in Butner v. United States (1979) 440 US 48, 55: which added that "property interests are created and defined by state law". This case is more about the mortgages obtained in the investors' names by KPG and the state law title and real estate agent duties than it is about the now moot and all but dismissed RICO allegations.

**THE OTHER DEFENDANTS WHO WERE SERVED DID NOT JOIN IN REMOVAL THUS THE REMOVAL NOTICE IS DEFECTIVE**

In cases involving multiple defendants, all defendants must join in a removal in a removal action with the exception of nominal parties. Embury v. King, 361 F.3d 562, 563, n. 1 (9th Cir.2004); United Computre Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir.2002); Hewitt v. City of Stanton, 798 F.2d 1230, referred to as the "rule of unanimity." Foley v. Allied Interstate, Inc., 312 F.Supp.2d 1279 (C.D.Cal.2004).

LAW OFFICES OF GOFORTH & LUCAS

No defendants have answered, although many named defendants who were served prior to removal, have not consented to removal. These defendants include REAL LIFE CONSULTING, REAL ESTATE PERSONNEL SERVICES, BLUE SKY TRUST (ALL SERVED May 24, with BLUE SKY TRUST served with a filed NOTICE OF PENDING LITIGATION against four properties located in Contra Costa County), and other served defendants who have not consented to removal are: Prosperity Matters LLC (served May 31) AND Felix Golden (June 29 and Rob Ferguson (served July 10). Defendant Clayton Grace was served on June 24 and has not consented to removal, and there are five more named entity defendants (POWER OF SEVEN-LOAN FUND ONE LIMITED PARTNERSHIP, SANFORD AND PETERSEN INTERNATIONAL INVESTMENT GROUP INC, LAND AMERICA AKA LAND AMERICA CAPITAL CORPORATION) who had not yet been served but whose consent to removal was not obtained. Defendant Yvonne Gamble and Frederick Gamble and their companies OUTERSPHERE INC and OUTERSPHERE INVESTMENT GROUP LLC are also named defendants who had not yet been served but who were served with LIS PENDENS NOTICES of the remanding plaintiffs lawsuits filed which NOTICES OF PENDING LITIGATION WERE RECORDED MAY 11, MAY 23, JUNE 1 AND JUNE 5.

Not one of the foregoing defendants have consented to removal, yet all were served or given notice, and all were potentially liable under the now dismissed RICO claims.

**ALL DEFENDANTS MUST JOIN IN REMOVAL NOTICE**

All defendants in the State court action must normally join in the notice of removal. Parrino v. FHP, Inc. (9th Cir. 1998) 146 F 3d 699, 703. Only a few of the named defendants have joined in the notice of removal, and the burden is on defendants to explain the absence of joinder. Prize Frize, Inc. v. Matrix (U.S.) Ind. (9th Cir. 1999) 167 F 3d 1261, 1266. It is not sufficient, as the KPG defendants allege in their removal notice, merely to say codefendants do not object. Roe v. Donohue (7th Cir, 1994) 38 F3d 298, 301. Nor is the mere statement of KPG counsel that other defendants consent—there must be a *written consent* to removal by *all* defendants. Ogletree v. Barnes (Ed Pa 1994) 851 F Supp 184, 188. Removal statutes are narrowly construed against removal and all defendants must file written consent to removal. Williams v. Equifax Information Services LLC (MD FL 2005) 359 F Supp 2d 1284, 1286. Northern Ill. Gas Co. v. Airco Industrial Gases (7th Cir. 1982) 676 F 2d 270, 272—the removal notice is DEFECTIVE if it does not explain absence of co defendants. See Alcorn v. Union Pacific Railroad Co. (WD MO 1998) 3 F Supp. 2d 1085, 1086—*all defendants against whom the federal claim is asserted must join in the notice of removal*, and the (now dismissed) RICO allegations named all defendants and did not single out any particular defendants, so all defendants must join in removal.

Yet only the KPG group defendants have filed for removal (although the RICO claims have been or will be dismissed in any case). See Hewitt v. City of Stanton (9th Cir. 1986) 798 F 2d 1230, 1232: *All* defendants who may properly join in the notice *must* join in the removal notice. Nor was the removal notice filed with the state court, and it is unknown by what means the removing defendants notified the plaintiffs of the removal.

**ONLY STATE REMEDIES SOUGHT**

The defunct RICO claim is not necessary to Plaintiffs claim for relief as the Supreme Court held: "If, on the face of a well-pleaded complaint, there are reasons completely unrelated to the provisions and purposes of the [federal] patent laws why the plaintiff may or may not be entitled to the relief it seeks, then the claim does not "arise under" those laws". Christianson v. Colt Industries Operating Corp., 486 U.S. 800 (1988).

Lastly, the Court should consider the jurisdictional issues raised by the fact that most of the consolidated cases never had a RICO claim, and that similar KPG fraud cases will inevitably be filed in State court where the venue is correct for the real properties involved. Conroy v. Fresh Del Monte Produce, Inc., 325 F.Supp.2d 1049 (N.D.Cal 2004.

LAW OFFICES OF GOFORTH & LUCAS

DATED: July 18, 2007

LAW OFFICE OF GOFORTH & LUCAS

CHRISTOPHER R. LUCAS
Attorney for Plaintiffs,
AVIS DOCTOR, CHARI OGOGO, PAULETTE MAYO, KAREN SMITH, SUZETTE STEINBERG, THOMAS STEINBERG, AMY LEVESQUE, GEORGE ROACH, AMREE JOHAL, SYLVIA HERNANDEZ, DICK LING, JOHN O'BRIEN, KIFLAI TESFAI, LAURA ZAMORA, AND RAUL ZAMORA

**PROOF OF SERVICE**

I, declare that I am employed in the County of Contra Costa, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 2300 Clayton Road, Suite 1460, Concord, California 94520. Upon this day, I served the within, ***POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND***

On the following interested party(s) in said cause:

VIA EMAIL: cpham@gareebpham.com
VIA FACSIMILE (213) 455-2940
Christopher Q. Pham, Esq.
Alexander S. Gareeb, Esq.
GAREEB & PHAM, LLP
707 Wilshire Boulevard, Suite 5300
Los Angeles, CA 90017
(213) 455-2930
***Attorney for Defendant KANYA TENNYSKA COLEMAN***

VIA FACSIMILE (510) 465-1330
Ronald W. Carter
2201 Broadway, Ste 815
Oakland, CA 94614
(510) 465-6500
***Attorney for Plaintiffs DOROTHY DANIEL, THETRIS, ERVIN, DONNA WILSON, RENDY LOLA PERKINS***

VIA FACSIMILE (415) 438-2655
Robert J. Scott, Jr., Esq.
SCHWARTZ & CERA LLP
44 Montgomery Street, Ste 3850
San Francisco, CA 94104
***(415) 956-2600***
***Attorney for Plaintiff BRUCE SARUBIN***

VIA FACSIMILE (415) 776-1826
Jesse Clyde Ralph
54 Macondray Lane
San Francisco, CA 94133
***Attorney for Plaintiff JIMMIE T. BRADEN SR.***

VIA EMAIL: marc@mehlman-terbeek.com
VIA FACSIMILE (925) 935-1789
Marc L. TerBeek, Esq.
2125 Oak Grove Road, Suite 125
Walnut Creek, CA 94598
(925) 935-3575
***Attorney for Defendants K PLATINUM GROUP, INC., K PLATINUM REALTY, INC., K PLATINUM FINANCIAL, INC., K PLATINUM ASSOCIATES, INC., K PLATINUM INTERNATIONAL FINANCIAL, INC., K PLATINUM INTERNATIONAL GROUP INC., K PLATINUM INTERNATIONAL REALTY, INC., K PLATINUM INTERNATIONAL ASSOCIATE, BRENDA ANN MICHELSON***

Newell Walker ***(In Pro Per)***
160 Delgado Court
Vallejo, CA 94591

shroux1@aol.com
V. Elizaveth Grayson, Esq.
888 Seventh Avenue - 45th Floor
New York, NY 10106
(646) 406-1512
***Attorney for Plaintiff Charmaine Bennett***

VIA FACSIMILE (510) 287-9656
David L. Roth, Esq.
One Kaiser Plaza, Ste 601
Oakland, CA 94501
(510) 835-8181
***Attorney for Plaintiffs Hemwattie Docu, Theodore Docu, Hemo's House of Design, Inc.***

LAW OFFICES OF GOFORTH & LUCAS

[X] VIA MAIL - CCP §§ 1013(a), 2015.5:
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United Stated Postal Service at Concord, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

[X] VIA ELECTRONIC TRANSMISSION - LOCAL RULE 5.5(b):
Pursuant to Local Rule 5.5(b), the document(s) were delivered by electronic transmission.

[ ] VIA OVERNIGHT MAIL/COURIER - CCP §§ 1013(c), 2015.5:
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

[ ] VIA FACSIMILE - CCP §§ 1013(e), 2015.5, CRC 2008:
By arranging for facsimile transmission from facsimile number (925)682-2353 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

[ ] VIA HAND DELIVERY - CCP §§ 1011, 2015.5:
By placing a true copy thereof in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day, in the ordinary course of my firm's business practice.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on July 19, 2007, at Concord, California.

By: Liliana Rincon

cc: Clients

LAW OFFICES OF GOFORTH & LUCAS