STEVEN J. MEHLMAN, ESQ., SBN 95881
MARC L. TERBEEK, ESQ. SBN: 166098
**MEHLMAN ❖ TERBEEK LLP**
350 N. WIGET LANE, SUITE 150
WALNUT CREEK, CA 94598
(925) 935-3575 (Tel)
(925) 935-1789 (Fax)

Attorneys for Brenda Michealson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LEVESQUE, GEORGE ROACH<br><br>Plaintiffs,<br><br>vs.<br><br>NORTH AMERICAN TITLE COMPANY et al.,<br><br>Defendants.<br><br>BRENDA MICHAELSON,<br><br>Cross-Complainant,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, INC., NORTH AMERICAN TITLE COMPANY, INC., and DOES 1-50.<br><br>Cross-Defendants | CASE NO: C07-03269 MJJ<br><br>**CROSS COMPLAINT OF BRENDA MICHEALSON**<br><br>**DEMAND FOR JURY TRIAL** |

### I. JURISDICTIONAL ALLEGATIONS

1. Cross-Complainant BRENDA MICHEALSON ("Cross-Complainant") brings this action in Federal Court pursuant to the jurisdiction granted under 28 U.S.C. 1332 (Diversity Jurisdiction) and 28 U.S.C. 1441 (Federal Question Jurisdiction).

-1-

## II. PARTIES

2. Cross-Complainant is, and at all times relevant to this action was, resident of the State of California and at least 18 years of age.

3. Cross-Complainant is informed and believes and on that basis alleges that Cross-Defendant WASHINGTON MUTUAL BANK, INC. is a banking corporation duly organized and operating pursuant to and under the laws of the States of California and Washington, with a principal place of business located in Seattle, Washington.

4. Cross-Complainant is informed and believes and on that basis alleges that Cross-Defendant NORTH AMERICAN TITLE CO. is a real estate corporation duly organized and operating pursuant to and under the laws of the States of California and Colorado, with a principal place of business located in Denver Colorado.

5. Cross-Complainant is informed and believes and thereon alleges that at all times herein mentioned each of the Cross-Defendants was the agent of each of the remaining Cross-Defendants, and in doing the things herein alleged, was acting within the course and scope of such agency and with the permission and/or consent and/or ratification of the other Cross-Defendants.

6. The exact identities and relationships of the DOE Cross-Defendants are presently unknown to Cross-Complainant, who sues said Cross-Defendant by such fictitious names. Cross-Complainant reserves the right to amend this Cross-Complaint when such identities and relationships are ascertained.

## III. GENERAL ALLEGATIONS

7. In or about the years 2005-2006, Cross-Complainant obtained mortgage home loans secured by real property held in their name, with Cross-Complainant obtaining such loans through Cross-Defendants Washington Mutual..

8. In obtaining mortgage home loans secured by real property held in her name, Cross-Complainant requested and/or permitted title searches and other activities associated with the loan transaction to be conducted by Cross-Defendant North American Title Company.

9. In obtaining mortgage home loans secured by real property held in her name and in requested and/or permitted title searches and other activities associated with the loan transaction to be conducted by Cross-Defendant North American Title Co., Cross-Complainant relied on representations and other promotional activities by Cross-Defendants that the loan products and related title activities offered by Cross-Defendants were legitimate and not defective or fraudulent in any manner.

10. In addition to representations and other promotional activities by Cross-Defendants, Cross-Complainant relied upon Cross-Defendants' general expertise and experience in the industry, as well as their fiduciary and quasi-fiduciary relationships, in proceeding with the loan transaction and related title activities conducted by Cross-Defendants, and in so doing trusted that Cross-Defendants would exercise care so as to remain in compliance (and permit and/or require Cross-Complainants to remain in compliance) with all applicable laws governing such transactions.

11. Cross-Defendants, and each of them, in fact failed to comply with all applicable laws governing the loan transactions involving Cross-Complainants and other persons similarly situated to Cross-Complainants (including the Plaintiffs identified in this action).

12. Cross-Defendants' failure to comply with all applicable laws governing the loan transactions involving Cross-Complainants was at best negligent, and at worst knowing, all committed with a design and intent to maximize Cross-Defendants' profits, at the expense of Cross-Complainants.

13. Among the law governing Cross-Complainant's loan transactions that Cross-Defendants, and each of them, violated were the Federal Real Estate Settlement & Procedures Act (12 U.S.C. 2601 et seq.), the Federal Home Ownership Loan Act (12 U.S.C. 1461 et seq.), the Federal Unfair or Deceptive Trade Practices Act (15 U.S.C. Section 45 et seq.), and the Federal Truth in Lending Act & Home Ownership Protection Act (15 U.S.C. 1601 et seq.).

///

///

14. In addition to the violation of federal laws governing Cross-Complainant's loan transactions, Cross-Defendants, and each of them, also violated numerous state laws, including statutory and common laws relating to fraudulent, unfair or deceptive trade practices.

15. As a result of Cross-Defendants' conduct, Cross-Complainant suffered economic and non-economic harm in her own right, and has been subjected to suit in the instant action in which she brings this Cross-Complaint.

## IV. CAUSES OF ACTION

Cross-Complainant states the following causes of action in support for her prayer for relief:

### FIRST CAUSE OF ACTION -- NEGLIGENCE

16. Cross-Complainant realleges and incorporate by reference paragraphs 1-15, above, as though fully set forth herein.

17. Cross-Defendants, and each of them, owed a general duty of care with respect to Cross-Complainant, particularly concerning their duty to properly perform due diligence as to the loan and related title transactions as issues.

18. Cross-Defendants, and each of them, knew or in the exercise of reasonable care should have known, that the loan transactions involving Cross-Complainant and other persons similarly situated were defective, and would subject them to harm.

19. As a direct and proximate result of Cross-Defendants' negligence, Cross-Complainants suffered economic and non-economic harm in an amount to be shown according to proof at trial.

### SECOND CAUSE OF ACTION -- BREACH OF FIDUCIARY DUTY

20. Cross-Complainant realleges and incorporate by reference paragraphs 1-19, above, as though fully set forth herein.

21. Cross-Defendants, and each of them, owed Cross-Complainant a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the real property Cross-Complaints held in their names.

///.

22. Cross-Defendants breached their duties to Cross-Complainant by, inter alia, failing to ensure their own and Cross-Complainant's compliance with all applicable laws governing the loan transactions in which they were involved, including but not limited to the Federal Real Estate Settlement & Procedures Act (12 U.S.C. 2601 et seq.), the Federal Home Ownership Loan Act (12 U.S.C. 1461 et seq.), the Federal Unfair or Deceptive Trade Practices Act (15 U.S.C. Section 45 et seq.), and the Federal Truth in Lending Act & Home Ownership Protection Act (15 U.S.C. 1601 et seq.).

23. As a direct and proximate result of Cross-Defendants' negligence, Cross-Complainant suffered economic and non-economic harm in an amount to be shown according to proof at trial. .

### THIRD CAUSE OF ACTION – CONTRIBUTION & INDEMNITY

24. Cross-Complainants reallege and incorporate by reference paragraphs 1-23, above, as though fully set forth herein.

25. As a direct and proximate result of Cross-Defendants wrongful conduct, as alleged herein, Cross-Complainants have been subjected to suit by third persons, including persons similarly situated to Cross-Complainants.

26. In the event that Cross-Complainants are determined to be liable, in whole or in part, for damages to such persons, Cross-Complainants, and each of them, are entitled to equitable indemnity and/or contribution by and from Cross-Defendants and each of them. them.

### V.  PRAYER

Cross-Complainants seek the following relief:

- Compensation for all economic harm caused by Cross-Defendants' conduct;
- Compensation for all non-economic harm cause by Cross-Defendants' conduct;
- Equitable indemnity and/or contribution from Cross-Defendants
- Attorneys fees;
- Prejudgment Interest;
- Punitive Damages;
- Such other relief as the Court deems proper and just.

-5-

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Cross-Complainant hereby demands a trial by jury of each of the causes of action set forth |
| 3 | in this Cross-Complaint. |

Dated: July 19, 2004

MEHLMAN ❖ TERBEEK LLP

By: ___/s/___

Marc L. TerBeek
Attorneys for Brenda Michaelson

-6-

CROSS-COMPLAINT
Case No. C07-03269 MJJ

## PROOF OF SERVICE
[C.C.P. §§ 1013, 2015.5, 2008]

Re: Avis Doctor, et al. v. Northern American Title Co., et al.
United States District Court - Northern District of California Case No. C07-03269 MJJ

I, Phyllis L. Thomas, am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within action. My business address is 2125 Oak Grove Road, Suite 125, Walnut Creek, CA 94598. On July 20, 2007 I served:

Cross Complaint of Brenda Michealson

___ by MAIL as follows: by causing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, to be placed in the United States Post Office mail box at Walnut Creek, California, addressed as indicated below. (I am readily familiar with this business' practice of collecting and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business).

___ by OVERNIGHT MAIL causing a true copy thereof to be placed in FEDERAL EXPRESS MAIL on Oak Grove Road, in Walnut Creek, CA before the final collection time, addressed as indicated below following ordinary business practice, said practice being that in the ordinary course of business, correspondence is deposited in the Federal Express Depository on the same day as it is placed for processing.

___ by FACSIMILE as follows: I caused the said document to be transmitted by Facsimile machine to the addressee(s) at their fax numbers indicated below. The Facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(i), I caused the machine to print a transmission record of the transmission.

___ By HAND DELIVERY as follows: by causing a true copy thereof enclosed in a sealed envelope and hand delivered on this date as set forth below upon said person.

_X_ By ELECTRONIC FILING TRANSMISSION LexisNexis as follows: by causing a true copy of said document to be transmitted by electronic transmission to the addressee(s) at their address as stated therein on this date as set forth below upon said person.

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on July 20, 2007, at Walnut Creek, California.

Phyllis L. Thomas

Service List

Ronald W Carter
2201 Broadway, Suite 815
Oakland, CA 94614

Rober J Scott Jr
SCHWARTZ & CERA LLP
44 Montgomery St., Suite 3850
San Francisco, CA 94104

Jesse Clyde Ralph
54 Macondray Lane
San Francisco CA 94133

Newell Walker
160 Delgado Court
Vallejo CA 94591

Christopher R Lucas
Law Offices of Goforth & Lucas
2300 Clayton Road, Suite 1460
Concord, CA 94520

V Elizabeth Grayson
888 Seventh Avenue 45th Fl
New York NY 10106

David L. Roth
Law Offices of David L. Roth
One Kaiser Plaza, Suite 601
Oakland CA 94501