# EXHIBIT 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| RONALD W. CARTER<br>2201 Broadway, Suite 815<br>Oakland, CA 94612<br>TELEPHONE NO: 510-465-6500   FAX NO. (Optional): 510-465-1330<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Dorothy Daniels | COPY<br><br>F I L E D<br>JUN 6 - 2007<br>K. TORRE, CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By J. Powers, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME:

PLAINTIFF: DOROTHY DANIELS

DEFENDANT: K.PLATINUM GROUP, INC., et al.

| EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE<br>[✓] AND TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS | CASE NUMBER:<br>C07-00483 |
|---|---|

## NOTICE OF HEARING

Date: June 25, 2007    Time: 9:00 a.m.    Dept.: 6    Room:

The address of the court [✓] is shown above [ ] is (specify):

## ORDER TO SHOW CAUSE

1. **To defendant** (name each):

   K. Platinum Group, Inc., K. Platinum International Group, Inc., K. Platinum Associates, Inc., K. Platinum International Associates, Inc., K. Platinum Financial, Inc., K. Platinum International Financial, Inc., K. Platinum Realty, Inc. and K. Platinum International Realty, Inc.

2. **THE COURT ORDERS** the defendants named in item 1 to appear in this court at the date, time, and place shown in the box above to give any legal reason
   a. Why a receiver should not be confirmed to
      (1) take possession and continue in possession of the property described in Attachment 2a (attach a description of the real and personal property subject to the receivership) (the "property"), and
      (2) manage the property in accordance with this order until further order of this court.
   b. Why you should not be prohibited from controlling or receiving any income from the property described in Attachment 2a.

## ORDER APPOINTING RECEIVER

**THE COURT ORDERS**, pending the hearing on the Ex Parte Order to Show Cause, the following:

3. **Receiver.** (Name): SUSAN L. UECKER
   is appointed as receiver to take possession of the property described in Attachment 2a.

4. **Receiver's oath and bond.** The receiver shall immediately, and before performing any duties:
   a. execute and file a receiver's oath, and
   b. file the bond required by Code of Civil Procedure section 567(b) in the amount of: $ 10,000.00

5. **Receiver's fees.** The receiver may charge for the receiver's services no more than (check all that apply):
   a. [ ] $           [ ] per month  [ ] per hour  [ ] other (specify):
   b. [ ]           percent of gross monthly rents
   c. [ ] the greater of a or b
   d. [✓] $25,000    as a one-time start-up fee

Page 1 of 5

Form Approved for Optional Use
Judicial Council of California
RC-200 [Rev. January 1, 2007]

**EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS**
(Receivership)

Code of Civil Procedure, §§ 527, 529, 564(b)(10); Cal. Rules of Court, rules 3.1175, 3.1176, 3.1177
www.courtinfo.ca.gov

| | |
|---|---|
| PLAINTIFF (Name): DOROTHY DANIELS | CASE NUMBER: |
| DEFENDANT (Name): K.PLATINUM GROUP, INC., et al, | C07-00483 |

6. ☐ **Management company.** The receiver may employ the management company of (name):

    a. ☐ The receiver may pay the company not more than
        (1) ☐ $          ☐ per month    ☐ per hour    ☐ other (specify):
        (2) ☐          percent of gross monthly rents
        (3) ☐ the greater of (1) or (2)
        (4) ☐ $          as a one-time start-up fee
    b. ☐ Management company fees are included in receiver's fees in item 5.

7. **Disclosure.** The receiver shall immediately disclose to all parties any financial relationship between the receiver and any company hired to assist in the management of the receivership property.

8. **Plaintiff's ex parte bond.** Plaintiff shall immediately file an applicant's bond under Code of Civil Procedure section 566(b) in the amount of: $ none

9. **General duties.** After qualifying, the receiver
    a. shall take possession of and manage the property,
    b. shall collect the income from the property,
    c. shall care for the property and may incur the expenses necessary for that care, and
    d. may change the locks on the property.

10. **Prohibited agreements.** The receiver shall not enter into an agreement with any party to this action about the administration of the receivership or about any postreceivership matter.

11. **Inventory.** Within 30 days after qualifying, the receiver shall file an inventory of all property possessed under this order.

12. **Expenditures.** The receiver shall expend money coming into his or her possession to operate and preserve the property and only for the purposes authorized in this order. Unless the court orders otherwise, the receiver shall to the extent practical hold the balance in interest-bearing accounts in accordance with Code of Civil Procedure section 569.

13. **Leases and rentals.** The receiver may without court approval enter into leases for a term not exceeding one year, obtain and evict tenants, and set and modify the amounts and terms of leases.

14. **Security deposits.** Unless the security deposit has been turned over or paid to the receiver, the receiver shall not refund a deposit to a tenant.

15. **Monthly accounting of receiver's income, expenses, and fees.**
    a. The receiver shall each month prepare and serve on the parties, but not file, an accounting of the income and expenses incurred in the administration of the receivership property, including the receiver's fees and expenses.
    b. The receiver may pay the receiver's own fees and expenses only by the following procedures:
        (1) By serving on all parties a notice of intent to pay to which no objection is served on the receiver within 20 days of the date the notice is served.
        (2) By serving and filing a request for interim payment, which the court then approves.
        (3) By obtaining and filing an agreement among all the parties approving the payment, which the court then approves.
        (4) By filing the receiver's final accounting and report, which the court then approves.
    c. The receiver shall not reimburse the receiver for the receiver's general office administration expenses or overhead without court approval. These expenses include, for example, office supplies and employee payroll, benefits, and taxes.

16. **Management.**
    a. The receiver shall operate the property and take possession of all accounts relating to the property.
    b. The receiver may
        (1) employ agents, employees, clerks, accountants, and property managers to administer the receivership property, and
        (2) purchase materials, supplies, and services reasonably necessary to administer the receivership property.
    c. The receiver may do all the things, and incur the risks and obligations, ordinarily done or incurred by owners, managers, and operators of businesses and property similar to that possessed by the receiver; except the receiver shall not make any capital improvements to the property without prior court approval.

| PLAINTIFF (Name): DOROTHY DANIELS | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): K.PLATINUM GROUP, INC., et al, | C07-00483 |

17. **Bank accounts.** The receiver
   a. may establish accounts at any financial institutions insured by an agency of the United States government that are not parties to this proceeding,
   b. shall deposit in those accounts funds received in connection with the receivership property, and
   c. shall deposit in interest-bearing accounts money not expended for receivership purposes.

18. **Court instructions.** The receiver and the parties may at any time apply to this court for further instructions and orders and for additional powers necessary to enable the receiver to perform the receiver's duties properly.

19. **Insurance.**
   a. The receiver shall determine upon taking possession of the property whether there is sufficient insurance coverage.
   b. The receiver shall notify the insurer that the receiver is to be named as an additional insured on each insurance policy on the property.
   c. If the receiver determines that the property does not have sufficient insurance coverage, the receiver shall immediately notify the parties and shall procure sufficient all-risk and liability insurance on the property (excluding earthquake and flood insurance).
   d. If the receiver does not have sufficient funds to obtain insurance, the receiver shall seek instructions from the court on whether to obtain insurance and how it is to be paid for.

20. **Employment of attorneys.**
   a. The receiver may employ unlawful detainer attorneys and eviction services without a court order.
   b. [ ] The receiver may employ counsel (name):
      at the hourly rate of: $
   c. [✓] Except as provided in items 20a and 27d, before employing counsel the receiver shall apply to the court for an order authorizing the receiver to employ counsel.

21. **Taxpayer ID numbers.** The receiver may use any federal taxpayer identification numbers relating to the property for any lawful purpose.

22. **Duty to turn over possession.** Upon receipt of a copy of a recorded trustee's deed upon foreclosure or written notice from plaintiff that defendant has cured the defaults existing under plaintiff's loan documents or that plaintiff has accepted a deed in lieu of foreclosure, the receiver shall, without further order of the court, turn over possession of the property to the successful purchaser or defendant or plaintiff respectively.

23. **Plaintiff's notification of termination.** Plaintiff shall notify the receiver in writing within 48 hours of any event within plaintiff's knowledge that terminates the receivership.

24. **Receiver's final report and account and discharge.**
   a. *Motion required.* Discharge of the receiver shall require a court order upon noticed motion for approval of the receiver's final report and account and exoneration of the receiver's bond.
   b. *Time.* Not later than 60 days after the receivership terminates, the receiver shall file, serve, and obtain a hearing date on a motion for discharge and approval of the final report and account.
   c. *Notice.* The receiver shall give notice to all persons of whom the receiver is aware who have potential claims against the receivership property.
   d. *Contents of motion.* The motion to approve the final report and account and for discharge of the receiver shall contain the following:
      (1) *Declaration or declarations.* A declaration or declarations: (i) stating what was done during the receivership, (ii) certifying the accuracy of the final accounting, (iii) stating the basis for the termination of the receivership (such as foreclosure or reinstatement), and (iv) stating the basis for an order for the distribution of any surplus or payment of any deficit.
      (2) *Accounting summary.* A summary of the receivership accounting, which shall include (i) the total revenues received, (ii) the total expenditures identified and enumerated by major categories, (iii) the net amount of any surplus or deficit, and (iv) evidence of necessary supporting facts.

| PLAINTIFF (Name): DOROTHY DANIELS | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): K.PLATINUM GROUP, INC., et al, | C07-00483 |

25. **Plaintiff's notice to receiver.** Plaintiff shall promptly notify the receiver in writing of the names, addresses, and telephone numbers of all parties who appear in the action and their counsel. The parties shall give notice to the receiver of all events that affect the receivership.

26. **Bankruptcy Plaintiff's duty to give notice.** If a defendant files a bankruptcy case during the receivership, plaintiff shall give notice of the bankruptcy case to the court, to all parties, and to the receiver by the close of the next business day after the day on which plaintiff receives notice of the bankruptcy filing.

27. **Bankruptcy Receiver's duties.** If the receiver receives notice that a bankruptcy has been filed and part of the bankruptcy estate includes property that is the subject of this order, the receiver shall have the following duties:
    a. *Turn over property if no relief from stay will be sought.* The receiver shall immediately contact the party who obtained the appointment of the receiver and determine whether that party intends to move in the bankruptcy court for an order for (1) relief from the automatic stay, and (2) relief from the receiver's obligation to turn over the property (11 U.S.C. § 543). If the party has no intention to make such a motion, the receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession - and otherwise comply with 11 United States Code section 543.
    b. *Remain in possession pending resolution.* If the party who obtained the receivership intends to seek relief immediately from both the automatic stay and the receiver's obligation to turn over the property, the receiver may remain in possession and preserve the property pending the ruling on those motions (11 U.S.C. § 543(a)). The receiver's authority to preserve the property shall be limited as follows:
        (1) The receiver may continue to collect rents and other income;
        (2) The receiver may make only those disbursements necessary to preserve and protect the property;
        (3) The receiver shall not execute any new leases or other long-term contracts; and
        (4) The receiver shall do nothing that would effect a material change in the circumstances of the property.
    c. *Turn over property if no motion for relief is filed within 10 days after notice of the bankruptcy.* If the party who obtained the receivership fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11 United States Code section 543.
    d. *Retain bankruptcy counsel.* The receiver may petition the court to retain legal counsel to assist the receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

28. **Failure to turn over property.** A receiver who fails to turn over the property in accordance with this order shall not be paid for time and expenses after the date on which the receiver should have turned the property over.

29. [✓] **Other orders.** *(Additional orders may include authority of the receiver to do any other acts arising from special circumstances.)* Other orders [✓] are specified in Attachment 29  [ ] are as follows *(specify)*:

RC-200

| PLAINTIFF (Name): DOROTHY DANIELS | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): K.PLATINUM GROUP, INC., et al, | C07-00483 |

### ☑ TEMPORARY RESTRAINING ORDER

30. THIS ORDER EXPIRES AT THE DATE AND TIME OF THE HEARING SHOWN IN THE BOX ON PAGE ONE (UNDER "NOTICE OF HEARING") UNLESS EXTENDED BY THE COURT.

31. THE COURT ORDERS DEFENDANT to do the following:
    a. **Turn over property.** Immediately turn over possession of the property described in Attachment 2a to the receiver when the appointment becomes effective, including any security deposits, prepaid rent, other rental or lease payments, and funds in property management bank accounts for the property.
    b. **Turn over related items.** Immediately turn over to the receiver all keys, books, documents, and records relating to the property and advise the receiver of federal taxpayer identification numbers relating to the property.
    c. **Insurance.**
       (1) Immediately advise the receiver about the nature and extent of insurance coverage on the property;
       (2) Immediately name the receiver as an additional insured on each insurance policy on the property; and
       (3) DO NOT cancel, reduce, or modify the insurance coverage.
    d. **Restraints.** Refrain from
       (1) committing or permitting any waste on the property or any act on the property in violation of law or removing, encumbering, or otherwise disposing of any of the fixtures on the property;
       (2) demanding, collecting, or in any other way diverting or using any of the rents from the property;
       (3) interfering in any manner with the discharge of the receiver's duties under this order;
       (4) selling, transferring, disposing, encumbering, or concealing the property without a prior court order; and
       (5) doing any act that will impair the preservation of the property or plaintiff's interest in the property.
    e. ☑ **Other** (specify):
       Defendant KANYA COLEMAN is to cooperate with the receiver in identifying and taking possession of assets.

32. THE COURT ORDERS PLAINTIFF to immediately file a temporary restraining order bond under Code of Civil Procedure section 529 in the amount of: $ 1000.00

33. ☐ OTHER ORDERS ☐ are specified in Attachment 33 ☐ are as follows (specify):

### SERVICE AND BRIEFING SCHEDULE

34. By (date): _____ PLAINTIFF IS ORDERED to personally serve on each defendant or counsel and any other appearing parties, and to file proof of service of, the summons and complaint, the memorandum of points and authorities, these orders, and all declarations and supporting papers.

35. By (date): June 15, 2007 DEFENDANT IS ORDERED to personally serve on each plaintiff or counsel and any other appearing parties, and to file proof of service of, any opposition to these orders.

36. By (date): June 20, 2007 PLAINTIFF IS ORDERED to personally serve on each defendant or counsel, and to file proof of service of, any reply to defendant's opposition to these orders.

37. Number of pages attached: 3

Date: JUN 6 - 2007

JUDGE OF THE SUPERIOR COURT

DAVID B. FLINN

RC-200 [Rev. January 1, 2007] **EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS (Receivership)** Page 5 of 5

## Attachment 2a

1. All bank accounts held by K. Platinum Group, Inc., and its subsidiaries, including K. Platinum International Group, Inc., K. Platinum Associates Inc., K Platinum International Associates, Inc., K Platinum Financial Inc., K. Platinum Realty Inc., and K. Platinum International Realty, Inc..

2. All real property that is held in the name of any of the companies identified in paragraph 1.

3. All notes and accounts receivable, including all notes evidencing loans to officers of the companies listed above, loans to affiliates, and loans to any other persons or entities.

Attachment 29

This order of receivership applies to K. Platinum Group, Inc. and all of its subsidiaries, including K. Platinum International Group, Inc., K. Platinum Associates, Inc., K. Platinum International Associates, Inc., K. Platinum Financial, Inc., K. Platinum International Financial, Inc., K. Platinum Realty, Inc., and K. Platinum International Realty, Inc.

The receiver shall take immediate control of each of the aforementioned entities and shall immediately begin to identify and locate all property belonging to those companies. The receiver shall use all efforts to secure the repayment of monies which are shown to be due from officers, affiliates or third parties, and to identify all property that was conveyed in an attempt to defraud creditors, and shall preserve money and property to secure the payment of obligations which are the subject of the various actions brought by "investors" of the company(s), subject to court approval of the retention of counsel for the commencement of litigation.

The receiver shall be authorized without court approval to use funds of the companies to do the following:

1) Pay rent and lease obligations for properties leased by the company defendants;

2) Pay mortgage, taxes, and insurance expenses on all the properties owned by the corporate defendants;

3) Pay salaries of all present corporate employees and Kanya Coleman of corporate defendants;

4) Pay taxes for the corporate defendants;

5) Pay all commissions of real estate transactions and loan originations;

6) Pay real estate related fees such as appraisals.

The receiver may, if deemed appropriate, seek bankruptcy advice concerning: 1) whether a bankruptcy petition should be filed on behalf of any K Platinum Company so as to void fraudulent or preferential transfers or for any other reason, and 2) whether an involuntary petition should be filed as to Kanya

Coleman. Such advice shall be for the purpose of the Receiver submitting her recommendations to the Court concerning whether a bankruptcy petition should be filed or whether other alternatives are preferable, and seek this Court's authorization to proceed. The Court makes no prejudgment as to whether a bankruptcy petition or petitions should be filed.

The receiver is the agent of the court and not of any party. The receiver shall be neutral, shall act for all who may have an interest in the receivership property, and shall hold all assets for the court and not for the plaintiffs or defendants.

Kanya Coleman shall assist the receiver by providing him with: (1) all books and record of the companies identified above; (2) a complete list of all the assets of the companies and the location of those assets, (3) the names, addresses, telephone numbers, and e-mail addresses of all persons who have served as officers or employees of the companies, (4) detailed information concerning all loans made to officers, affiliates, and other persons or entities, including the date and amount of the loan, whether the loan is secured or unsecured, and the nature of the security; and (5) detailed information regarding all conveyances and payments she or the companies have made since January 2006.

This order shall also apply to all those cases which have joined in the application for a receiver and preliminary injunction, including Ervin v. K. Platinum, Case No. C07-00484, Perkins v. K. Platinum, Case No. C07-00485, Wilson v. K. Platinum, Case No. C07-00486, Walker v. K. Platinum, Case No. C07-00106, Braden v. K. Platinum, Case No., C07-00454, Bennett v. K. Platinum, Case No. C07-01075, Levesque v. K. Platinum, Case No. C07-01018, and Doctor v. K. Platinum, Case. No. C07-01016.