

# EXHIBIT 6

**MEHLMAN ◆ TERBEEK LLP**
Attorneys & Counselors At Law
2125 Oak Grove Road, Suite 125
Walnut Creek California 94598
Tel: (925) 935-3575
Fax: (925) 935-1789
*e-mail: info@mehlman-terbeek.com*

Steven J Mehlman

Cynthia A. Harmon
Timothy A. Walker

Marc L. TerBeek

Leonardo J. Flores, JD
Jeffrey D. Kirk

July 6, 2007

**VIA HAND DELIVERY**
Susan Uecker
Uecker & Associates, Inc.
100 Pine Street, Suite 475
San Francisco, California 94111

Re:     *K Platinum Group.*

Dear Ms. Uecker:

We write in follow up and in response to your actions of June 29, 2007, your letter of June 26, 2007, and our teleconference of June 8, 2007. We write on behalf of KPG and its affiliated entities only, and not Ms. Coleman, who is separately represented by Chris Pham of Garceb & Pham.

Taking your June 26, 2007, letter and the actions you took on June 29, 2007), we have provided you with complete access understand to the KPG corporate offices and understand that you have reviewed what information and documentation that is located therein concerning KPG's operations that remained following the FBI's January 18, 2007, search of the premises. We trust that you can appreciate how the FBI's seizure of KPG's operating information impairs our present ability to respond to your request as fully as we would like.  We hope that we can work together to seasonably obtain this information from the FBI

We also understand that you changed the locks and instructed KPG's employees to cease working on any KPG related projects or tasks until further notice from you. We trust that you will be able to re-open KPG very shortly, as any downtime in its operations, much less an extended closure, would impair its ability to effect a re organization by which it can seek to respond to its many creditors' claims.

Regarding the remaining funds existing as of the date the May 30, 2007 TRO took effect, enclosed herewith please find two checks representing the sum total of those funds: a $10,000 check representing a loss reserve we had established in trust for KPG pending its reorganization, and a $149,194.83 check representing a general operating account we had established from which KPG paid its day-to-day operating expenses and by which it paid settlements on various creditors' claims. We also enclose herewith a check ledger and an accounting of those funds we have prepared.[1]

Regarding Insurance information, please find enclosed CRES issued insurance policies, correspondence regarding payment/nonpayment of premiums thereon, cancellation notices, rescissions of such cancellation, our letter tendering the defense of the many actions against KPG and CRES'es response to that tender denying coverage.

---

[1] Not all of the checks drawn from the general account have cleared and we therefore are keeping that account open until we have ascertained the status of those checks.

**MEHLMAN ◆ TERBEEK LLP**
Oakland Office: 2627 International Blvd.. Suite 770. Oakland, California 94601
Tel. (510) 689-0140  Fax: (510) 689-0143

Susan Uecker
July 6, 2007
-- Page 2 --

Regarding other operating information, please find enclosed various correspondence and other
documentation regarding lease information, disputes regarding the lease, and a three day notice to pay or
quit recently transmitted by the landlord's agent. This may or may not be duplicative of information you
may have obtained (or accounted for) during your June 29, 2007 visit to KPG's Olympic Blvd. Offices.
However, we want to be as complete as the circumstances permit (and privilege allows) in responding to
your requests.[2]

Additional books and records concerning the operations of KPG and its affiliated entities are currently in
the possession of Mr. Pham, and include a comprehensive compilation of the Promissory Notes issued by
KPG, settlements regarding those notes, and correspondence regarding same. We understand that bank
statements regarding KPG's operations in 2005-2006 are in the possession of consultants retained by Mr.
Pham, and can be made available shortly, once their work is compete. To the extent that we gain
possession of additional non-privileged information and documentation falling within the scope of your
appointment, we anticipate providing same to you promptly.

As for as the listing of KPG assets, we understand that such assets are currently limited to the bank
accounts we have turned over herewith, the lease for the Olympic Blvd. Office, the equipment and
furnishings for that office, and an account at Mechanic's Bank in the amount of $130,000. We are unaware
at this time of any further assets held in the KPG's name. However, if we become aware of the existence of
such assets, we will provide that information to you.

Finally, we wish to convey our understanding of the current posture of the case, and a potential issue
concerning the scope of your authority at this time. As you may know, the matter was removed to Federal
Court on June 21, 2007. The TRO governing your appointment expired by its terms on June 25, 2007.
Accordingly, there is some question as to the present validity of the TRO in the matter as well as the extent
of your authority pending the Federal Court's resolution of any motion to remand and/or the appointment of
a federal receiver.

Out of an abundance of caution, however, we are proceeding forward with the following understanding: In
the event that it is later determined that your authority, in whole or in part, expired either at the June 21,
2007, removal or the June 25, 2007 expiration of the TRO, KPG is voluntarily assenting to you as a
privately retained receiver in the matter with the authority granted in the Court's order appointing you.

With this understanding in mind, we ask that you do not disclose any documentation or information we
provide to any other party in this matter, as we do not authorize you to do so, the order governing your
appointment does not authorize you to do so, and discovery as to such information and documentation has
been effectively stayed both the state Court directive (to the extent is still is operative) and Federal Court
Rules of Procedure (which we believe presently govern the matter). If you disagree with our approach in
this regard, please let us know.

---

[2]Naturally, of course, we are withholding information and documentation we believe is
protected by the attorney client privilege and attorney work product doctrine. This includes our
notes, and protected correspondence between Ms. Coleman and her attorney Mr. Pham, and
between agents of KPG assisting in the investigation of this case and our office.

Susan Uecker
July 6, 2007
-- Page 3 --

We look forward to working with you in this matter. Of course, if you have any questions or concerns, please do not hesitate to call.

Very truly yours,
MEHLMAN ◆ TERBEEK LLP

Marc L. TerBeek

Encl:
cc: Chris Pham