1  **GAREEB │ PHAM, LLP**
2  CHRISTOPHER Q. PHAM, Bar No. 206697
   ALEXANDER S. GAREEB, Bar No. 207473
3  707 Wilshire Boulevard. Suite 5300
4  Los Angeles, California 90017
   Telephone: (213) 455-2930
5  Facsimile: (213) 455-2940
6  Email: cpham@gareebpham.com
7
   Attorneys for Defendant
8  KANYA TENNYSHA COLEMAN
9  **MEHLMAN & TERBEEK, LLP**
10 MARC TERBEEK, Bar No. 166098
   2125 Oak Grove Road, Suite 125
11 Walnut Creek, California  94598
12 Telephone: (925) 935-3575
   Facsimile:  (925) 935-1798
13 Email: marc@mehlman-terbeek.com
14
   Attorneys for Defendants
15 K PLATINUM GROUP, INC.; K PLATINUM
16 INTERNATIONAL GROUP, INC.; K PLATINUM
   ASSOCIATES, INC.; K PLATINUM INTERNATIONAL
17 ASSOCIATES, INC.; K PLATINUM FINANCIAL, INC.;
18 K PLATINUM INTERNATIONAL FINANCIAL, INC.;
   K PLATINUM REALTY, INC.;
19 K PLATINUM INTERNATIONAL REALTY, INC.;
20 BRENDA ANN MICHELSON;

21           UNITED STATES DISTRICT COURT -
22          NORTHERN DISTRICT OF CALIFORNIA
23

| | |
|---|---|
| 24 AMY LEVESQUE, GEORGE ROACH, | Federal Case No:  C07-03269 MJJ |
| 25                    Plaintiffs, | Related Federal Case No. C07-03270 JL |
| 26              vs. | State Case No: MSC07-01018 |
| 27 KANYA TENNYSHA COLEMAN aka | |
| 28 KANYA HILL aka KANYA MAXIMO, | (Consolidated with State Case Nos. |
| CHARLES E. COLEMAN aka | MSC07-00049 [*Bruce Sarubin v. K* |

- 1 -
OPPOSITION TO MOTION FOR REMAND

ORIGINAL

| | |
|---|---|
| 1 | CHARLES E. COLEMAN SR., YVONNE E. GAMBLE, FREDERICK C. GAMBLE, JORIE WRIGHT, FLOYD W. WATSON, FELIX GOLDEN, K PLATINUM GROUP, INC., K PLATINUM REALTY, INC., K PLATINUM FINANCIAL, INC., K PLATINUM ASSOCIATES, INC., K PLATINUM INTERNATIONAL, INC., K PLATINUM INTERNATIONAL ASSOCIATES, INC., K PLATINUM INTERNATIONAL FINANCIAL, INC., K PLATINUM INTERNATIONAL GROUP INC., K PLATINUM INTERNATIONAL REALTY, INC., K PLATINUM PERSONNEL SERVICES, , K PLATINUM INTERNATIONAL ASSOCIATE INVESTMENT, REAL ESTATE PERSONNEL SERVICES a business organization unknown, REAL LIFE CONSULTING, a business organization unknown, OUTERSPHERE INC., OUTERSPHERE LLC, OUTERSPHERE INVESTMENT GROUP, LLC, BLUE SKY TRUST, a business organization unknown, PROSPERITY MATTERS LLC, POWER OF SEVEN LOAN-FUND ONE LIMITED PARTNERSHIP, SANFORD AND PETERSON INTERNATIONAL INVESTMENT GROUP, INC., LAND AMERICA aka LAND AMERICA CAPITAL CORPORATION, BRENDA ANN MICHELSON L. CAROL ANN DICKSON, CLAYTON GRACE, THOMAS JENKINS, VIKING APPRAISALS, CRAIG BUCCELLATO, JESSICA ARANDA, and DOES 1 to 500, INCLUSIVE, | *Platinum Group, Inc., et. al.*]; MSC07-00080 [*Hemwattie Docu et. al., Kanya Coleman, et. al.*]; MSC07-00106 [*Newell Walker v. K Platinum Group, Inc., Kanya Coleman, et. al.*]; MSC07-00454 [*Jimmie T. Braden, Sr. v. R.E.P.S. Real Estate Servcs, K Platinum International Group, Inc., et. al.*]; MSC07-00483 [*Dorothy Daniels v. K Platinum, Inc. et. al.*]; MSC07-00484 [*Theatris Ervin v. K Platinum Group, Inc., Kanya Coleman, Jorie Wright*]; MSC07-00485 [*Rendy Lola Perkins v. K Platinum Group, Inc., Kanya Coleman, Jorie Wright*]; MSC07-00486 [*Donna Wilson v. K Platinum Group, Inc., Kanya Coleman, Jorie Wright*]; MSC07-01016 [*Avis Doctor, Chari Ogogo, Paulette Mayo, Karen Smith, Suzette Steinberg, Thomas Steinbert v. K Platinum Group, Inc. et. al.*]; MSC07-01075 [*Charmaine Bennett v. K Platinum Group, et. al.*]

**JOINT OPPOSITION OF DEFENDANTS TO MOTION TO REMAND TO STATE COURT BROUGHT BY PLAINTIFFS AMY LEVESQUE, ET AL., AND DOROTHY DANIELS, ET AL.**

Date:      August 28, 2007
Time:      9:30 A.M.
Ctrm:      11 |

Defendants.

# TABLE OF CONTENTS

Table of Contents ................................................................... - i -

Table of Authorities ................................................................. - ii -

I.   STATEMENT OF FACTS ................................................. - 3 -

II.  REMOVAL TO FEDERAL COURT WAS TIMELY ......................... - 7 -

III. ALL DEFENDANTS THAT HAD BEEN SERVED AT THE TIME OF
     THE REMOVAL CONSENTED TO REMOVAL TO FEDERAL
     COURT ..................................................................... - 9 -

IV.  PLAINTIFFS ARE ENGAGING IN MANIPULATIVE TACTICS IN
     ORDER TO SECURE A STATE FORUM. ........................................ - 12 -

   A. Plaintiffs' Dismissal of the RICO Claims were Accomplished Solely to
      Avoid Federal Jurisdiction. ................................................ - 13 -

   B. Plaintiffs' Purported State Law Claims are in Reality Federal Claims... -
      15 -

V.   DEFENDANTS HAVE NOT WAIVED THEIR RIGHTS TO
     REMOVAL. ................................................................... - 18 -

VI.  CONCLUSION ................................................................ - 19 -

1

## TABLE OF AUTHORITIES

2

**U.S. Supreme Court Cases**

3

4
*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ............................ - 13 -

*Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2 (1981) ............. - 16 -

5
*Franchise Tax Bd.,* 463 U.S.  22, 27-28 (1983)..................................................-16-

6
*SEC v. Howey, Co.,* 328 *U.S.* 293, 299 (1946) ................................................. - 17 -

7
*St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283  (1938) .- 15 -, - 16 -

8
*United Housing Foundation Inc. v. Forman*, 421 U.S. 837, 895 (1975), .......... - 17 -

9

**Circuit Court Cases**

10

11
   *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir.

12
   2003).................................................................................................. - 13 -, - 14 -

13
*Easton v. Crosland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997)- 14 -, - 15 -

14
*California ex rel. Lockyer v. Dynegy, Inc.* 375 F3d 831 (9th Cir. 2004)........... - 16 -

15
*Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Circuit 1997)....................... - 12 -

16
*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)........ - 13 -

17
*Rothner v. City of Chicago* 879 F.2d 1402, 1418 (7th Cir. 1989). .................... - 19 -

18
   *Slaveson v. Western States Bankcard* Association, 731 F.2d 1423, 1429 (9th Cir.

19
   1984)................................................................................................................ - 9 -

20
*Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209,

21
   1213 (9th Cir. 1998)....................................................................................... - 13 -

22

**District Court Cases**

23

*Beasley v. Union Pac. R.R. Co.*, 497 F.Supp. 213, 216 (D. NE 1980). ............. - 19 -

24
*Patterman v. Travelers, Inc.*, 11 F.Supp.2d 1382 (S.D. GA 1997) .........- 14 -, - 15 -

25

**Statutes**

26

Securities Exchange Act of 1934, 15 *U.S.C.* § 78 and Rule 10b-5.................... - 17 -

27
18 *U.S.C.* §1961...............................................................................................passim

28
18 *U.S.C.* §1964(c) ......................................................... - 14 -, - 19 -, - 20 -

28 *U.S.C.* § 1446.................................................................................- 7 -, - 8-, - 9 -

1     COMES NOW Defendants K Platinum Group, Inc.; K Platinum

2   International Group, Inc.; K Platinum Associates, Inc.; K Platinum International

3   Associates, Inc.; K Platinum Financial, Inc.; K Platinum International Financial,

4   Inc.; K Platinum Realty, Inc.; K Platinum International Realty, Inc. (collectively,

5   "K Platinum entities"); Kanya Tennysha Coleman ("Coleman"); Brenda Ann

6   Michelson ("Michelson") hereby file this Joint Opposition to the Motions to

7   Remand to State Court brought by Plaintiff Amy Levesque ("Levesque"), George

8   Roach ("Roach"), and Dorothy Daniels ("Daniels"), Theatris Ervin ("Ervin"),

9   Rendy Lola Perkins ("Perkins"), and Donna Wilson ("Wilson").

10  **I.     STATEMENT OF FACTS**

11      This subject matter of this litigation is the "Cash-on-Cash" Program

12  ("Program") created and operated through K Platinum Group, Inc. and its affiliated

13  K Platinum entities.  The Program was designed to reorganize the K Platinum

14  entities into a mortgage bank utilizing a warehouse lending facility.  Capital was

15  raised through credit lines funded by the profits generated through the principal

16  amounts received from each participant in the Program.  These monies were, in

17  turn, secured by promissory notes from the K Platinum entities which provided a

18  return of 25% of the principal per month so long as profits were generated for that

19  period.

20      Unfortunately, due to a series of personal setbacks in her life, including a

21  protracted divorce and custody battle, the break-up of her second marriage

22  engagement, and the medical difficulties which beset her third pregnancy, Ms.

23  Coleman, from September 2006 to December 2006, was forced to turn over

24  management of the day-to-day operations to less qualified individuals.  As a

25  consequence of the poor management of the K Platinum entities, several of the

26  interest payments issued to the Program participants were non-negotiable, as they

27  were mistakenly drawn from the wrong K Platinum bank account.

28

1    As a result of these non-negotiable checks, and although monthly payments

2    were never guaranteed by the K Platinum entities, a substantial number of the

3    Program's participants demanded return of their principal.  Consequently, this

4    created a "run on the bank" in that K Platinum could not honor all of the

5    participants' demands.

6    Subsequently, on February 18, 2007, the Federal Bureau of Investigations

7    searched and seized all lending, accounting, bank accounts, and corporate

8    documents, as well as business documents from K Platinum's offices located in

9    Walnut Creek, California.  The FBI also seized all computers and hard drives from

10   the K Platinum premises.  [*See* Declaration of Christopher Q. Pham ("Pham

11   Decl.") ¶2, Exhibit "A"].  The search warrant was ordered by United States

12   Magistrate Judge James Larson.  Nonetheless, to date, no law enforcement agency

13   has filed a criminal complaint or indictment against the K Platinum entities or Ms.

14   Coleman.

15   Several of the Program participants initiated separate law suits in the

16   Superior Court of Contra Costa County.  On March 22, 2007, through a Notice and

17   Acknowledgment of Receipt Defendant Coleman and the K Platinum entities were

18   served with the Summons and Complaint for the case: *Hemawattie Docu and*

19   *Theodore Docu v. Kanya Coleman, et al.*, Superior Court Case No. MSC0700080.

20   (*See* Pham Decl. ¶3, Exhibit "B").  **Less than two weeks later, however, the**

21   **parties reached a settlement agreement as to all claim in the *Docu* action.**  (*See*

22   Pham Decl. ¶4, Exhibit "C").[1]

23   On May 15, 2007 an action was commenced entitled *Amy Levesque, George*

24   *Roach v. Kanya Coleman, et. al.*, Superior Court Case No. MSC0701018. As a

25   tenth cause of action, Plaintiffs Levesque and Roach alleged violations of the

26   _____

27   [1] Due to a confidentiality provision in the settlement agreement, only the signature pages of all parties are being produced to the Court.  As agreed by the parties, the *Docu* action was not dismissed until 95 days after the execution of the settlement agreement in order to address Plaintiff Docu's concern of the possible disgorgement of the

28   settlement amount, pursuant to 11 U.S.C. § 547 and *Fed. R. Bankr. P.* 7001, in event that the K Platinum entities seek bankruptcy protection.

- 4 -
OPPOSITION TO MOTION FOR REMAND

1   RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS statute

2   ("RICO") 18 *U.S.C.* §1961 *et seq.* The Plaintiffs in the state court action are

3   represented, Christopher R. Lucas of the Law Offices of Goforth & Lucas, who

4   incidentally, also on May 15, filed a separate, second, but identical action entitled:

5   *Avis Doctor, Chari Ogogo, Paulette Mayo, Karen Smith, Suzette Steinberg,*

6   *Thomas Steinberg v. Kanya Coleman, et. al.*, Superior Court Case No.

7   MSC0701016.

8        Defendant Coleman and the K Platinum entities were served with the

9   Summons and Complaint for the *Levesque* case and the *Doctor* case on May 25,

10   2007. (*See* Pham Decl. ¶5, Exhibit "D").Similarly, on June 3, 2007, Defendant

11   Michelson was served with the two separate Complaints. (*See* Pham Decl. ¶6,

12   Exhibit "E").

13        On or about May 29, 2007, Plaintiff Charmaine Bennett and Plaintiff

14   Dorothy Daniels brought separate motions requesting the Court to issue a

15   Temporary Restraining Order (TRO) freezing all accounts and assets of the K

16   Platinum Entities, and appointing a Receiver to oversee their operations. The

17   Superior Court of Contra Costa County issued the TRO on June 8, 2007.

18   Additionally, on the same day, June 8, the Superior Court issued an Order

19   consolidating all suits against the K Platinum entities, including the subject suits

20   brought by Plaintiffs Levesque and Roach, and Plaintiffs Daniels, Ervin, Perkins,

21   and Wilson, into a single action. (*See* Pham Decl. ¶7, Exhibit "F"). Moreover,

22   during the June 25, 2007, Status Conference, the State Court stated that as a result

23   of the consolidation, the Notice of Removal operated to transfer all cases to

24   Federal Court. (*See* Pham Decl. ¶8, Exhibit "G")

25        On June 21, 2007, Defendants Coleman, the K Platinum entities, and

26   Michelson filed a Notice of Removal, removing the *Levesque* case and the *Doctor*

27   case to Federal Court. As the two cases were filed separately in state court,

28   Defendants also filed a separate Notice of Removal for each case. At the time of

1  the removal, only the K Platinum entities, and Defendants Coleman and Michelson
2  had been served with the Summons and Complaint for the *Levesque case*.
3  Defendants Charles E. Coleman, Yvonne E. Gamble, Frederick C. Gamble, Jorie
4  Wright, Floyd W. Watson, Felix Golden, Carol Ann Dixon, Clayton Grace,
5  Thomas Jenkins, Craig Buccellato, and Jessica Aranda had not been served with
6  the state court complaints discussed herein.

7       Defendants Real Life Consulting and Real Estate Personnel Services were
8  purportedly served on May 24, 2007, with the Proofs of Services not filed until
9  July 18, 2007.  The Proof of Service re Summons and Complaint for Real Life
10  Consulting indicated service on its president, Kanya Coleman.  As verified by the
11  California Secretary of State's website, Real Life Consulting is not incorporated
12  either as a corporation or limited liability company in California.  (*See* Pham Decl.
13  ¶9, Exhibit "H").  Moreover, as an unincorporated business organization, Real Life
14  Consulting has no affiliation with Ms. Coleman or any of the K Platinum entities.
15  As such, Real Life Consulting remains to this day an unserved Defendant in this
16  matter.  [*See* Declaration of Kanya Coleman ("Coleman Decl."), ¶2].

17       Similarly, as per an investigation conducted on the California Secretary of
18  State's website, it was determined that Defendant Real Estate Personnel Services is
19  not an entity incorporated as either as a corporation or limited liability company in
20  California.  In point of fact, Real Estate Personnel Services is merely the fictions
21  business name for Defendant K Platinum Associates, Inc., which is registered with
22  the California Department of Real Estate.  (*See* Pham Decl. ¶10, Exhibit "I";
23  Coleman Decl., ¶3).

24       Defendant Prosperity Matters, LLC was also purportedly served on May 31,
25  2007.  However, Plaintiffs Levesque and Roach did not file the Proof of Service
26  for this entity until July 18, 2007.   Accordingly, Defendants had no opportunity to
27  learn of the service upon this entity at the time of the Notice of Removal.  (*See*
28  Pham Decl. ¶11, Exhibit "J").  In light of Defendants Coleman's and Michelson's

- 6 -
OPPOSITION TO MOTION FOR REMAND

1   consent to the Notice of Removal, all served Defendants joined in subject removal

2   of the present action to this Court.

3   **II.    REMOVAL TO FEDERAL COURT WAS TIMELY.**

4          In their Motions for Remand, plaintiffs desperately and ineffectually argue

5   that the removal was untimely because the *Docu* action was not timely removed to

6   Federal Court.   The *Docu* action was of course not removed because it was settled

7   prior to the 30 days statutory period for removal.   Therefore, there was no reason

8   to remove the *Docu* action when the parties were able to resolve that litigation at

9   its infancy without exhaustively expending attorneys' fees and costs and the

10  court's resources.

11         To this effect, the only other state actions which raised a federal questions

12  warranting federal court jurisdiction are the removed actions at issue.  Pursuant to

13  28 *U.S.C.* § 1446, the time period for removal is "thirty days after receipt by the

14  defendant, through service or otherwise, of a copy of an amended pleading,

15  motion, order or other paper from which it may first be ascertained that the case is

16  one which is or has become removable."  In the instant case, on May 25, 2007,

17  Defendant Coleman and the K Platinum entities were served with two separate

18  Complaints; the first was for the case entitled: *Amy Levesque, George Roach v.*

19  *Kanya Coleman, et. al.*, Superior Court Case No. MSC0701018, and the second

20  was for the case entitled: *Avis Doctor, Chari Ogogo, Paulette Mayo, Karen Smith,*

21  *Suzette Steinberg, Thomas Steinberg v. Kanya Coleman, et. al.*, Superior Court

22  Case No. MSC0701016.  Similarly, on June 3, 2007, Defendant Michelson was

23  served with the two separate Complaints.

24         It must be noted here, that although two separate suits were initiated in the

25  Superior Court of Contra Costa County, the named Plaintiffs for the *Levesque* case

26  and the *Doctor* case were represented by the same counsel, *i.e.* Christopher R.

27  Lucas, with the Complaint themselves containing identical allegations.  In point of

28  fact, both Complaints alleged as their tenth cause of action violations of the

- 7 -
OPPOSITION TO MOTION FOR REMAND

1    RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS statute

2    ("RICO") 18 *U.S.C.* §1961 *et seq.*

3    In light of the foregoing, under 28 *U.S.C.* § 1446, the last date upon which to

4    remove the present action to Federal Court is 30 days from May 25, 2007, or **June**

5    **25, 2007**.  Defendants Coleman and Michelson, as well as the K Platinum entities

6    timely filed their Notice of Removal on **June 21, 2007**.

7    In their opposition Plaintiffs Levesque and Roach attempt to distract the

8    Court from consequences of filing their RICO claims against Defendants by

9    arguing that the consolidation of the Superior Court cases dictates that the 30 days

10    for removal begins with the service on Defendants of the first Complaint

11    containing RICO claims, *i.e.* the Complaint for the *Docu* action, which was served

12    on Defendants on March 29, 2007.  Such an argument is simply illogical.

13    First, it must be remembered that consolidation was not ordered for all the

14    Superior Court case until June 8, 2007.  If as Plaintiffs Levesque and Roach argue,

15    that the time for removal was the service of the Complaint in the *Docu* case, the

16    final day for removal would be on or about April 29, 2007.  Accordingly, whether

17    Defendants removed the *Docu* case to Federal Court would have no impact on the

18    *Levesque* and *Roach* cases.  Secondly, it must also be noted that the parties in the

19    *Docu* case reached and executed a settlement agreement in late March 2007.  In

20    this way, by the time the initial pleadings were served on Defendants in the *Docu*

21    case, the case was inherently irremovable as being settled.

22    It was only a mere happenstance that the agreement in the *Docu* case called

23    for the Dismissal not to be filed until 95 days after the execution of the agreement

24    so that the *Docu* case was consolidated with the other State Court cases and by

25    chance included in the removal to Federal Court.  Based on these circumstances,

26    the only cases that were removable at the time of Defendants filed their Notice of

27    Removal were the Complaints in Superior Court Case No. MSC0701018, the

28    *Levesque* case, and Superior Court Case No. MSC0701016, the *Doctor* case,

1    which, again, must be remembered, was filed separately by counsel for Plaintiffs'

2    Christopher R. Lucas.  It is amazing that Plaintiffs, who are the master of their own

3    pleadings, are now complaining that this Court has no jurisdiction because of some

4    other action which was settled.

5          Similarly, Plaintiffs Daniels, Ervin, Perkins, and Wilson, who are all

6    represented by counsel Ronald W. Carter, in their Motion to Remand, make the

7    same faulty argument that instant Notice for Removal was untimely because

8    service of their respective Complaints occurred on or about March 26, 2007.  As

9    set forth above, Section 1446 does not necessarily pin the time period for removal

10   on service of the Complaint and Summons on Defendants, but rather, on the

11   service of any "pleading, motion, order or other paper which it may first be

12   ascertained that the case is one which is or has become removable."

13         In the instant case, it was not only until the service of the Complaint in the

14   *Levesque* and *Doctor* case, on May 25, that an express federal question arose in

15   this matter.  Additionally, it was the consolidation by the State Court that now

16   treats these separate cases as one.  Indeed, at the state court hearing on June 25,

17   2007, the state court opined that," If the case is consolidated, it would appear to me

18   that the entire case is removed." (*See* Pham Decl. ¶8, Exhibit "G").  Accordingly,

19   pursuant to section 1446, the instant Notice of Removal is timely.

20   **III.   ALL DEFENDANTS THAT HAD BEEN SERVED AT THE TIME OF**

21   **THE REMOVAL CONSENTED TO REMOVAL TO FEDERAL**

22   **COURT.**

23         Plaintiffs' in their Motion to Remand misleadingly argue that all named

24   Defendants must consent to the Notice of Removal for a removal to be valid.  It is

25   well settled case law however, that Defendants that have not been served in the

26   state court action need not join the Notice of Removal.  *Slaveson v. Western States*

27   *Bankcard* Association, 731 F.2d 1423, 1429 (9th Cir. 1984).

28   ///

1    As set forth above, Notice of Removal in this matter was filed on June 21,

2   2007.  At that time the only entities served with the operative Complaint were K

3   Platinum Group, Inc.; K Platinum International Group, Inc.; K Platinum

4   Associates, Inc.; K Platinum International Associates, Inc.; K Platinum Financial,

5   Inc.; K Platinum International Financial, Inc.; K Platinum Realty, Inc.; K Platinum

6   International Realty, Inc. (collectively, "K Platinum entities"); Kanya Tennysha

7   Coleman; North American Title Company, Inc., and Brenda Ann Michelson.

8    Defendants Charles E. Coleman, Yvonne E. Gamble, Frederick C. Gamble,

9   Jorie Wright, Floyd W. Watson, Felix Golden, Carol Ann Dixon, Clayton Grace,

10   Thomas Jenkins, Craig Buccellato, and Jessica Aranda have not been served with

11   the state court Complaints at the time of the removal.  Neither were the non-K

12   Platinum business entities, Real Estate Personnel Services, Real Life Consulting,

13   Outersphere, Inc., Outersphere, LLC, Outersphere Investment Group, LLC,

14   Prosperity Matters LLC, Power of Seven Loan-Fund One Limited Partnership,

15   Sanford and Peterson International Investment Group, Inc., Land America aka

16   Land America Capital Corporation, and Blue Sky Trust served with the Summons

17   and Complaint at the time of Removal.

18    In light of the Declarations of Ms. Coleman, on behalf of herself and the K

19   Platinum entities, and Ms. Michelson, and the joinder to removal filed by North

20   American Title Company, Inc., providing their consent to the Removal, the Notice

21   of Removal filed on behalf of the K Platinum entities was consented to and agreed

22   upon by all known served Defendants.

23    In their Opposition, Plaintiff Levesque and Roach make the claim that the

24   Notice of Removal is procedurally deficient in that it was not joined by *all*

25   Defendants including those not yet served with the Summons and Complaint.  As

26   stated this simply is not the law.  By Plaintiffs' own admissions, Defendants Power

27   of Seven Loan-Fund One Limited Partnership, Sanford and Peterson International

28   Investment Group, Inc., Land America aka Land America Capital Corporation, as

1    well as Outersphere, Inc. and Outersphere Investment Group, LLC have not been

2    served with the operative Summons and Complaint.  Similarly, Plaintiff Levesque

3    and Roach admit that Defendant Clayton Grace was not served until June 24,

4    Defendant Felix Golden was not served until June 29, Defendant Rob Ferguson

5    was not served until July 10.  Accordingly, the consent and joinder of these

6    Defendants need not have been obtained for the instant Notice of Removal, which

7    was timely filed on June 21, 2007.

8           Plaintiff Levesque and Roach also make the claim that Defendant

9    Prosperity Matters, LLC was served on May 31, and Defendants Real Life

10   Consulting and Real Estate Personnel Services were served on May 24.  What

11   Plaintiffs neglect to say is that the service to Defendants Real Life Consulting is

12   defective.  In their Proof of Service, Plaintiffs attest that they served Real Life

13   Consulting through its president Kanya Coleman.  First, as verified by the

14   California Secretary of State's website, Real Life Consulting is not incorporated

15   either as a corporation or limited liability company in California.  Second, as an

16   unincorporated business organization, Real Life Consulting has no affiliation with

17   Ms. Coleman or any of the K Platinum entities.  As such, Real Life Consulting

18   remains to this day an unserved Defendant in this matter.

19          Similarly, Defendant Real Estate Personnel Services is not an entity

20   incorporated as either as a corporation or limited liability company in California.

21   In point of fact, Real Estate Personnel Services is merely the fictions business

22   name for Defendant K Platinum Associates, Inc., which is registered with the

23   California Department of Real Estate.  Accordingly, the joinder and consent to

24   removal of Real Estate Personnel Services was not needed as K Platinum

25   Associates, Inc. was one of the K Platinum Entities which moved for Removal in

26   the first place.

27   ///

28   ///

1    Finally, although Defendant Prosperity Matters, LLC was served on May 31,

2  Plaintiffs' Levesque and Roach neglect to state that the Proof of Service for this

3  entity was not served until July 18, 2007, after the instant Notice of Removal was

4  filed on June 21, 2007.  As held by Federal Courts, there is no affirmative duty by

5  a defendant who has been served to seek out and notify co-defendants who have

6  not yet been served to ask them to join in the removal. *See Gossmeyer v.*

7  *McDonald*, 128 F.3d 481, 489 (7th Circuit 1997).  Thus, a removing party has no

8  affirmative duty to contact every named defendant, especially with over thirty

9  defendants in this action, to ascertain whether they have been served.  It is

10  Plaintiffs' affirmative duty to file and serve the appropriate proof of service, which

11  they failed to dos o until after the removal of this action.

12    In the instant case, at the time of the removal, June 21, there was no way in

13  which the Noticing parties could know that Defendant Prosperity Matters, LLC,

14  had appeared in this matter, or even served with the operative Summons and

15  Complaint, since Plaintiffs refrained from filing Proof of Service until July 18,

16  more than a month since the purported date of service.  It must also be pointed out

17  that the Summons and Complaint that was served to Defendant Prosperity Matters,

18  LLC, was not the Summons and Complaint for the instant matter, but for the

19  *Doctor* case, Superior Court Case No. MSC0701016.

20    In light of the foregoing, all named Defendants that have been served with

21  the operative Summons and Complaint joined and consented to the present

22  removal.  Such Defendants who did not join in the Notice of Removal were not

23  required to be joined at the time, as they were either unserved, served at a later

24  time, or served with the wrong Summons and Complaint.  Accordingly, the instant

25  Notice of Removal is procedurally proper as to mandate remand to State Court.

26  ///

27  ///

28  ///

1
2

**IV.    PLAINTIFFS ARE ENGAGING IN MANIPULATIVE TACTICS IN
        ORDER TO SECURE A STATE FORUM.**

3          In their Opposition, Plaintiffs Levesque and Roach, and Plaintiffs Daniels,
4  Ervin, Perkins, and Wilson once more attempt to mislead the Court by arguing that
5  the post-removal dismissal of the RICO claims by Plaintiffs Levesque and Roach
6  mandate remand of the entire action back to State Court.  Of utmost importance,
7  even after the removal of the action, Plaintiff, in pure gamesmanship, filed a
8  request for dismissal of the RICO claim in state court, which no longer has
9  jurisdiction of this action.  Indeed, to date, Plaintiffs have not filed a dismissal of
10 any claims in this Court.

11         However, it is well settled law that Removal jurisdiction based on a federal
12 question is determined from the complaint as it existed at the time of removal, not
13 as subsequently amended.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062,
14 1065 (9th Cir. 1979).  Plaintiffs themselves created the federal subject matter
15 jurisdiction by their very own pleadings.  Plaintiffs cannot now forum shop by
16 dismissing the federal issue after the actions had been properly removed to this
17 Court.

18         Accordingly, if federal claims existed at the time of removal, a later
19 amendment deleting all federal claims does not affect the federal court's subject
20 matter jurisdiction, even though only state law claims remain.  *Sparta Surgical*
21 *Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir.
22 1998)("plaintiff may not compel remand by amending a complaint to eliminate the
23 federal question upon which removal was based").  That is to say, if a claim
24 "arising under" federal law existed at the time of removal, the federal court has the
25 discretion to exercise supplemental jurisdiction over state law claims even after the
26 federal claims have been dismissed.  *Albingia Versicherungs A.G. v. Schenker Int'l*
27 *Inc.*, 344 F.3d 931, 936 (9th Cir. 2003).

28 ///

1    In the instant case, Plaintiffs have utilized several disingenuous tactics in

2   order to secure for themselves a State Court forum to the detriment of Defendants.

3   First, Plaintiffs dismissed the Federal Claims to give the impression that only state

4   claims are left to be adjudicated in this matter.  Second, Plaintiffs' carefully crafted

5   their allegations in order to disguise the federal nature of their suits.

6    A.    **Plaintiffs' Dismissal of the RICO Claims were Accomplished**

7          **Solely to Avoid Federal Jurisdiction.**

8    As demonstrated, legislative history shows Congress intended that federal

9   courts exercise discretion whether to remand a case to state court after all federal

10   claims are dismissed. *Albingia Versicherungs A.G.*, 344 F.3d at 936.    In deciding

11   whether to exercise jurisdiction, a Federal Court may consider whether plaintiff

12   has engaged in "manipulative tactics"—i.e., tactics designed to manipulate the

13   forum back to state court upon removal.  *Carnegie-Mellon Univ. v. Cohill*, 484

14   *U.S.* 343, 357 (1988) ("if the plaintiff has attempted to manipulate the forum, the

15   court should take this behavior into account in determining whether the balance of

16   factors to be considered under the pendent jurisdiction doctrine support a remand

17   in the case").

18    In the instant case, it is undisputed that there were ample grounds for

19   removal of the *Levesque* case to Federal court on the basis of a federal question.

20   Plaintiffs Levesque and Roach in their Complaint alleged violations of 18 *U.S.C.*

21   §1961 *et seq.*, stating that Defendants were engaged in a pattern of racketeering

22   activity through the sale of fraudulent securities.  In addition, Plaintiffs Levesque

23   and Roach sought relief under 18 *U.S.C.* §1964(c) requesting treble damages, costs

24   of the suit, and attorney's fees.

25    Accordingly, Plaintiffs cannot not argue as they do that their RICO claims

26   are merely peripheral or extensions of their state law claims.  Plaintiffs improperly

27   rely on cases such *Easton v. Crosland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir.

28   1997) and *Patterman v. Travelers, Inc.*, 11 F.Supp.2d 1382, 188-1389 (SD GA

1   1997) for the proposition that mere citation of the federal statutes do not give rise

2   to federal jurisdiction. However, those cases are easily distinguished from the case

3   at bar.

4       In *Easton*, the court found the references to federal law were merely

5   peripheral to the plaintiff's suit because no remedies unique to Federal Law were

6   sought by plaintiff such as attorney's fees. 114 F.3d 979 at 982. Additionally, in

7   *Patterman*, court held there was no federal question because the claimed violations

8   of federal mail and wire fraud statutes were elements of plaintiff's state RICO

9   action. 11 F.Supp.2d 1382 at 188-1389. Unlike the plaintiffs in the *Easton* and

10  *Patterman* cases, Plaintiffs Levesque and Roach have specifically relied and

11  asserted claims under the federal RICO statute, going so far as to pray from relief

12  uniquely authorized under 18 *U.S.C.* §1964(c), *i.e.* treble damages, costs of the

13  suit, and attorney's fees.

14      In light of the foregoing, removal jurisdiction clearly existed at the time of

15  the Notice of Removal. Now, upon removal of the action to Federal Court,

16  Plaintiffs' Levesque and Roach without explanation dismiss their RICO cause of

17  action, and declare that there are now no grounds upon which this Court may

18  exercise jurisdiction as only state law claims exist. Consequently, it is evident that

19  dismissal of the RICO claims was done primarily to make it appear that only

20  questions of state law exist in this matter so as to avoid federal jurisdiction.

21      If Plaintiffs are allowed to mandate a remand of the instant action back to

22  state court on the basis of the dismissal of the RICO claims, it would allow the

23  practice prohibited in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 *U.S.*

24  283, 294 (1938), which held that a properly removed diversity action should not

25  have been remanded to state court when the damages at issue later appeared to be

26  less than the jurisdictional amount. In concluding that the status of the case at the

27  time of removal was controlling, the Court reasoned that, "If the plaintiff could, no

28  matter how *bona fide* his original claim in the state court, reduce the amount of his

1    demand to defeat federal jurisdiction the defendant's supposed statutory right of

2    removal would be subject to the plaintiff's caprice. The claim, whether well or ill

3    founded in fact, fixes the right of the defendant to remove, and the plaintiff ought

4    not to be able to defeat that right and bring the cause back to the state court at his

5    election." Similarly, to permit Plaintiffs to mandate remand of the present action

6    back to state court simply by through their dismissal of their federal claims, will

7    likewise subject Defendants' "supposed statutory right of removal ... to the

8    Plaintiffs' caprice." *Id.*

9        **B.    Plaintiffs' Purported State Law Claims are in Reality Federal**

10            **Claims.**

11        Although the essence of the pleading alleges issues of federal civil question

12    dominance, including the federal criminal search warrant and pending federal

13    investigation, Plaintiffs seek a remand through creative, but not cogent, arguments

14    the state issues predominates in this action.  In deciding whether to exercise

15    jurisdiction over the present action, this Court must also consider the fact that the

16    purported state law claims of Plaintiffs Levesque and Roach involve resolution of

17    substantial questions of federal law.  It is well settled law that a plaintiff may not

18    avoid federal question jurisdiction by "omitting to plead necessary federal

19    questions in a complaint." *Franchise Tax Bd.,* 463 U.S. at 22, 27-28 (1983).

20    Rather, federal jurisdiction may arise if the complaint establishes that the right to

21    relief under state law requires resolution of a substantial question of federal law.

22    *Id.* at 13.

23        Thus the removal court may seek to determine whether the real nature of the

24    claim is federal, regardless of the plaintiff's characterization. *Federated Dep't*

25    *Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2 (1981).  Accordingly, even if only

26    state law claims are pleaded, the action is removable because the relief sought is

27    "predicated on a subject matter committed exclusively to federal jurisdiction." See

28    *California ex rel. Lockyer v. Dynegy, Inc.* 375 F3d 831, 840-841 (9th Cir. 2004)

1  (upholding exclusive federal jurisdiction over violations of the Securities Exchange

2  Act of 1934, 15 *U.S.C.* § 78aa and Rule 10b–5 thereunder).

3      In the instant case, even a simple analysis of the Complaint reveals that

4  Plaintiffs claims are predicated upon adjudication of Federal Securities law.  As

5  established 15 *U.S.C.* § 78aa provides the "The district courts of the United States

6  … shall have exclusive jurisdiction of violations of this title or the rules and

7  regulations thereunder, and of all suits in equity and actions at law brought to

8  enforce any liability or duty created by this title or the rules and regulations

9  thereunder."  Additionally, the term security is defined as: any note, stock, treasury

10  stock, bond, debenture, certificate of interest or participation in any profit-sharing

11  agreement … or any investment contract. 15 *U.S.C.* § 78c(a)(10).

12      In *SEC v. Howey, Co.,* 328 *U.S.* 293, 299 (1946), the Supreme Court first

13  defined the term "investment contract" stating that an investment contract for

14  purposes of the Securities Act means a contract, transaction or scheme whereby a

15  person invests his money in a common enterprise and is led to expect profit solely

16  from the efforts of the promoter or a third party.  In *United Housing Foundation*

17  *Inc. v. Forman,* 421 U.S. 837, 895 (1975), the Supreme Court further stated that

18  "what distinguishes a security transaction-and what is absent here-is an investment

19  where one parts with his money in the hope of receiving profits from the efforts of

20  others, and not where he purchases a commodity for personal consumption or

21  living quarters for personal use."

22      In light of the foregoing, Plaintiffs state law fraud and breach of contract

23  claims relating to the cash-on-cash program are in fact allegations of violations of

24  Rule 10-b5. For example, in their First Cause of Action for Fraud, Plaintiffs' allege

25  that Defendants misrepresented that the "cash-on-cash program was a legitimate

26  investment, that defendants would use the funds invested to earn profits through

27  real estate investments and the purchase of undervalued properties, and that

28  investors would be paid 25% of their initial investment per month." *Levesque*

1   Complaint, ¶18(e). According to Plaintiffs, the "cash-on-cash program was a
2   fraudulent scheme, in which Defendants used money paid by new investors to
3   make payments to prior investors. Defendants did not use the funds invested to
4   earn profits through real estate investments [or] buying undervalued property."
5   *Levesque* Complaint, ¶19(e). Similarly, even in Plaintiff's RICO claim, they allege
6   that Defendants committed "fraud in the sales of securities." *Levesque* Complaint,
7   ¶66.

8       Therefore, regardless of how creative Plaintiffs allegations are, and which
9   claims remains and were dismissed, the pleadings are replete with allegations of
10  federal securities fraud and violations. Plaintiff should not be able to dismiss their
11  RICO and claim in disguise that only state claims remains operative when the
12  Complaint, and nucleus of facts and transactions, continues to predominantly
13  exude federal issues.

14      Similarly, Plaintiffs Daniels, Ervin, Perkins, and Wilson, who are all
15  represented by Attorney Ronald W. Carter, and who filed separate but identical
16  Complaints, alleged in their respective Pleadings that "Defendants represented that
17  they were going to use plaintiffs' investment to purchase real estate for business
18  purposes," but instead "Defendants did not purchase any real estate for business
19  purposes, and had no intention of paying plaintiffs' [return] on their investment."
20  *Daniels, Ervin, Perkins, and Wilson* Complaints, ¶FR-2.

21      Based on these allegations, adjudication of whether Defendants violated
22  Rule 10b-5 by "(a) employing a device, scheme, or artifice to defraud; (b) making
23  any untrue statement of a material fact or to omit to state a material fact necessary
24  in order to make the statements made, in light of the circumstances under which
25  they were made, not misleading; or (c) engaging in any act, practice, or course of
26  business which operates or would operate as a fraud or deceit upon any person, in
27  connection with the purchase or sale of any security," is outcome determinative as
28  to Defendants' liability, if any, as to the cash-on-cash program.

1    Indeed, the inherent federal nature of this claim is readily apparent when on

2  February 18, 2007, the Federal Bureau of Investigations was able to demonstrate to

3  U.S. District Court Magistrate Judge James Larson sufficient probable cause as to

4  a violation of federal law so as to issue a search warrant ordering the seizure of the

5  K Platinum entities' accounting, lending, and business records, as well as their

6  computers and hard drives.  Based on the foregoing, this Court must consider

7  Plaintiffs' manipulative dismissal of its RICO claims, as well as the substantial

8  questions of federal law prevalent in this lawsuit, in making its determination to

9  exercise its discretion to maintain jurisdiction over the present suit.

10 **V.    DEFENDANTS HAVE NOT WAIVED THEIR RIGHTS TO**

11 **REMOVAL.**

12    Plaintiffs make the absurd claim that merely because Defendants opposed

13 the Temporary Restraining Order freezing the assets of the K Platinum entities, and

14 appointing a receiver, that Defendants show how waived their right to remove a

15 state action to Federal Court.  It is well settled, however, that actions which are

16 preliminary and not conclusive in character, and which do not actually submit the

17 merits of a claim for a binding decision do not constitute a waiver of Defendants'

18 right to remove. *Beasley v. Union Pac. R.R. Co.*, 497 F.Supp. 213, 216 (D NE

19 1980).  To this end, it has long been held that opposing a motion for temporary

20 restraining order in state court does not waive the right to remove. *Rothner v. City*

21 *of Chicago* 879 F.2d 1402, 1418(7th Cir. 1989).

22    In the instant case, on or about May 29, 2007, Plaintiff Charmaine Bennett

23 and Plaintiff Dorothy Daniels each moved for a TRO freezing the assets of the K

24 Platinum entities and appointing a Receiver.  The Superior Court specially set both

25 motions to be heard on June 1.  It must be remembered that consolidation of all

26 state cases was not ordered until June 8.  Additionally, Plaintiffs Bennett and

27 Daniels filed separate and earlier Complaints than Plaintiffs' Levesque and Roach.

28 Accordingly, in opposing the TRO, Defendants were exhibiting a willingness to

- 19 -

1    litigate an otherwise removable action in state court, since at that time the *Bennett*

2    case and the *Daniels* case had not yet been consolidate with the *Levesque* case,

3    which alone had the basis for removal.  Furthermore, as demonstrated, mere

4    opposition to a TRO does not waive the right to remove an action to Federal Court.

5    **VI.    CONCLUSION**

6         The Complaint by Plaintiffs Levesque and Roach was undisputedly

7    removable to Federal Court on the grounds that Plaintiffs sought treble damages

8    under 18 *U.S.C.* §1964(c), which are unique to Federal RICO claims.  As such,

9    Plaintiffs must not be allowed to manipulate the judicial forum by forcing remand

10   to State Court by simply dismissing the RICO claims.  Dismissal of these claims

11   notwithstanding, ample grounds remain for this Court to retain jurisdiction over the

12   action, as Plaintiffs' purported state claims are predicated on Federal Securities

13   law, a subject matter committed exclusively to federal jurisdiction.  On these

14   grounds, Defendants respectfully that the Court deny Plaintiffs' Motion to

15   Remand.

16                                        Respectfully Submitted,

17   DATED:  August 7, 2007              GAREEB │ PHAM, LLP

18

19                                       By:

20                                          Christopher Q. Pham
                                            Attorney for Defendant,
21                                          KANYA TENNYSHA COLEMAN

22

23   DATED:  August 7, 2007              MEHLMAN & TERBEEK, LLP

24

25                                       By:

26                                          Marc TerBeek
                                            Attorney for Defendants,
27                                          K PLATINUM GROUP, INC.; K
                                            PLATINUM INTERNATIONAL GROUP,
28                                          INC.; K PLATINUM ASSOCIATES, INC.;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K PLATINUM INTERNATIONAL
ASSOCIATES, INC.; K PLATINUM
FINANCIAL, INC.; K PLATINUM
INTERNATIONAL FINANCIAL, INC.; K
PLATINUM REALTY, INC.; and K
PLATINUM INTERNATIONAL REALTY,
INC.; BRENDA ANN MICHELSON

OPPOSITION TO MOTION FOR REMAND

1

## PROOF OF SERVICE

2    I am a resident of the State of California, over the age of eighteen years, and not a party to the
     within action. My business address is **GAREEB | PHAM LLP**, located at Aon Center, 707

3    Wilshire Boulevard, 53rd Floor, Los Angeles, California 90017. On August 7, 2007, I served
     the herein described document(s):

4

### OPPOSITION TO MOTION FOR REMAND

5

6          by transmitting via facsimile the document(s) listed above to the fax number(s)
           set forth below on this date before 5:00 p.m.

7

8          by placing the document(s) listed above in a sealed envelope with postage
           thereon fully prepaid, in the United States mail at Los Angeles, California
           addressed as set forth below.

9

10    X    CM/ECF - by electronically transmitting the document(s) listed above to the
           Clerk's Office using the CM/ECF System for filing and transmittal of Notice of
           Electronic Filing, and forwarding the Notices to the person(s) set forth below,

11         who are registered participants of the CM/ECF System.

12         by personally delivering the document(s) listed above to the person(s) at the
           address(es) set forth below.

13

14    X    by overnight courier of the document(s) listed above to the person(s) at the
           address(es) set forth below.

15

16    * PLEASE SEE ATTACHED SERVICE LIST

17         I am readily familiar with the firm's practice of collection and processing correspondence
      for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

18    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
      motion of the party served, service is presumed invalid if postal cancellation date or postage

19    meter date is more than one day after date of deposit for mailing in affidavit.

20         I declare under penalty of perjury under the laws of the State of California that the above
      is true and correct. Executed on August 7, 2007, at Los Angeles, California.

21

22

23                                                    _____
                                                      Nide Zimemo

24

25

26

27

28

### *SERVICE LIST*

### *Bruce Sarubin vs. K Platinum Group, Inc.*
### *(Consolidated with Case Nos. MSC07-00080,MSC07-00106,MSC07-00454,*
### *MSC07-00483,MSC07-00484,MSC07-00485,MSC07-00486)*

*Attorney for Plaintiffs*
*Dorothy Daniel, Thetris Ervin,*
*Donna Wilson, Rendy Lola Perkins*
Ronald W. Carter
2201 Broadway, Suite 815
Oakland, CA 94614
Ph:    (510) 465-6500
Fx:    (510) 465-1330


*Attorney for Plaintiff*
*Bruce Sarubin*
Robert J. Scott, Jr.
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Fransisco, CA 94104
Ph:    (415) 956-2600
Fx:    (415) 438-2655


*Attorney for Plaintiff*
*Jimmie T. Braden Sr.*
Jesse Clyde Ralph
54 Macondray Lane
San Francisco, CA 94133
Fx:    (415) 776-1826


Newell Walker *(In Pro Per)*
160 Delgado Court
Vallejo CA 94591
Ph:    (707) 235-9188

*Attorney for Plaintiff*
*Amy Levesque, George Raoch, Avis Doctor, Chari Ogogo, Paulette Mayo,*
*Karen Smith, Suzette Steinberg, Thomas Steinberg*
Christopher R. Lucas
LAW OFFICES OF GOFORTH & LUCAS
2300 Clayton Road, Suite 1460

Concord, CA 94520
Ph:     (925) 682-9500
Fx:     (925) 682-2353

***Attorney for Plaintiff***
***Charmaine Bennett***
V. Elizabeth Grayson
888 Seventh Avenue 45th Floor
New York, N.Y. 10106
Ph:     (646) 406-1512

***Attorney for Plaintiff***
***Hemwattie Docu, Theodore Docu, Hemo's House of Design, Inc***
David L. Roth
LAW OFFICES OF DAVID L. ROTH
One Kaiser Plaza, Suite 601
Oakland CA 94501
Ph:     (510) 835-8181
Fx:     (510) 287-9656