Ronald W. Carter, Bar No. 107935
2201 Broadway, Suite 815
Oakland, CA 94612-1604
Telephone: (510) 465-6500
Facsimile: (510) 465-1330

Attorney for Plaintiffs
Dorothy Daniels, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LEVESQUE, et al., | Case No. C 07-03269 MJJ |
| Plaintiffs, | REPLY TO OPPOSITION TO MOTION TO REMAND TO STATE COURT |
| v. | Date: August 28, 2007 |
| KANYA TENNYSHA COLEMAN, et al., | Time: 9:30 a.m. |
| | Ctrm: 11 |
| Defendants. | |

I.

ARGUMENT

A.  Removal Was Untimely

The acknowledgments of receipt of the summons and complaint in Docu v. Coleman are attached as Exhibit B to the Declaration of Christopher Pham in opposition to this motion.  These

-1-

acknowledgments show that defendant Coleman was served on March 22, 2007.

Because the complaint in Docu alleged a single federal claim (RICO) along with 10 other state law claims, defendants were required to have filed a notice of removal no later than April 21, 2007.

Docu was not removed, however, until June 21, 2007. This was two months after the last day to remove, thereby rendering the removal untimely. Because Docu is one of the consolidated cases, the untimely removal of it rendered untimely the removal of the other cases that are consolidated with it.

Defendants argue that because a settlement agreement in Docu was signed on March 29, 2007, there was no reason to remove the case by the April 21, 2007 deadline. Although the agreement may have been signed on March 29, the case was not dismissed until July 10, 2007. Reply Declaration of Carter, Exhibit 10.

Defendants argue that "[i]t was only a happenstance that the agreement in the Docu case called for the Dismissal not to be filed until 95 days after the execution of the agreement so that the Docu case was consolidated with the other State Court cases and by chance included in the removal to Federal Court." Opposition, 8:22-25.

Whether by "happenstance" or "chance," Docu was still a pending action on April 21, 2007 (the last day to remove), was not removed by that date, and was not dismissed until July 10, 2007. Accordingly, removal on June 21, 2007 was untimely.

B. Defendants' Characterization Of The State Law Claims Do Not Create Federal Jurisdiction

Defendants avoid the issue of the predominance of the state law claims and instead argue that plaintiffs' state law claims for fraud "are in [r]eality [f]ederal [c]laims" under the Securities Exchange Act of 1934 and Rule 10b-5. Opposition, 16:9-10. This argument is frivolous and wholly without merit.

Defendants are not free to take plaintiffs' common law fraud claims and recast them as claims under the Securities Act or Rule 10b-5 and thereby somehow create federal jurisdiction. While defendants may have violated these laws, no such allegations have been made by plaintiffs Daniels, Ervin, Perkins, Wilson, Sarubin, Braden, or Bennett. Reply Declaration of Carter, Exhibits 11-14.

In determining whether there is federal jurisdiction, the court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392

(1987).

In Gully v. First National Bank in Meridian, 299 U.S. 109, 113, the court held that the federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."

In California Ex Rel Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), the court, citing Caterpillar at 399, held that "the rule enables the plaintiff, as 'master of the complaint,' to 'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'"  That is what plaintiffs have done here.

Likewise, only plaintiffs, not defendants could amend the complaints to state claims under the Securities Act or Rule 10b-5.  Absent such amendments by plaintiffs, they could not proceed to trial on state law claims for fraud and then ask the court to instruct the jury that they could award them treble damages and attorney fees if they found that defendants violated the Securities Act or Rule 10b-5.

Defendants' reliance on Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983), is misplaced.  There, the Court held that "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the

well-pleaded state claims, or that one or the other claim is 'really' one of federal law." Id. at 13.

The court in Franchise Tax Board explained that although state law may have created a plaintiff's cause of action, "[the] case might still 'arise under' the laws of the United States if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Id.

In this case, there are no disputed questions of federal law that are necessary elements of any of plaintiffs' state law claims and plaintiffs' right to relief under their state law causes of action for breach of contract, common counts, conversion, and fraud do not require resolution of any questions of federal law.

C.  The Dismissal of the RICO Claims Eliminates Federal Jurisdiction

Even though the plaintiffs in Levesque have requested dismissal of the only federal claim over which this court's jurisdiction has been invoked, defendants nevertheless argue that this court has federal question jurisdiction and cite St. Paul Indemnity Company v. Red Cab Company, 303 U.S. 283 (1938) in support of their argument.

St. Paul Indemnity Company does not apply to this case

-5-

because the basis for the federal court's jurisdiction in that case was diversity of citizenship. The Court in St. Paul Indemnity Company distinguished cases where jurisdiction is based on diversity of citizenship as opposed to cases where jurisdiction is based on a federal question.

With respect to cases in which federal jurisdiction is based upon the presentation of a federal question, the Court in St. Paul Indemnity Company held that "if, after removal, the plaintiff discontinues or dismisses as to the defendant who removed, so that there no longer exists any separable controversy, the cause of action must be remanded." Id. at 295.

The Court in St. Paul Indemnity Company further held that where "[t]he basis of federal jurisdiction fail[s], it is proper that the remaining parties, who were involuntarily taken into the federal court, should, upon the cessation of the separable controversy which was the cause of their transmission to another tribunal, have their case returned to the state court." Id.

Here, now that the plaintiffs in Levesque have requested dismissal of the single federal claim, the court should certainly remand Daniels, Ervin, Perkins, Wilson, Braden, Sarubin, and Bennett to the state court given that these cases were involuntarily removed to the federal court and only as a result of having been consolidated with Levesque.

-6-

D.  The Court Should Award Attorney Fees to Plaintiffs

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Under the circumstances presented by this case, the court should order defendants to reimburse plaintiffs for the attorney fees incurred as a result of the removal.  Here, defendants have proceeded with removal even though the plaintiffs in Levesque requested dismissal of the single federal claim the day after defendants filed the notice of removal.  Notwithstanding these facts, defendants have refused to stipulate to a remand and have instead forced plaintiffs to file unnecessary motions and incur unnecessary attorney fees.

Defendants have engaged in this course of conduct notwithstanding the admonitions that were given to their counsel by the state court judge on June 25, 2007.  At that time, as reflected in the transcript of the proceedings (Exhibit 5), the state court judge told defense counsel that "[he] ha[d] very little doubt that almost any federal judge...will remand it back." Transcript, 6:12-13.

-7-

Moreover, when, on June 25, defense counsel were asked to stipulate to a remand given that the plaintiffs in Levesque had requested dismissal of their RICO claims, and indicated they were not willing to stipulate, the state court judge warned them that because defense counsel were present, plaintiffs should "offer [the stipulation] to both counsel and then seek sanctions from them as counsel for making [plaintiffs] go to the federal court and make [their] motion. I think [plaintiffs would] be entitled." Transcript, 9:6-9.

Additionally, notwithstanding the admonitions and warnings by the state court judge and defendants' continued refusal to stipulate to a remand, defendants have interposed frivolous and spurious arguments in opposition to plaintiffs' motions to remand, and have attempted to interfere with the authority of the receiver. For all these reasons, the court should order defendants to reimburse plaintiffs for their attorney fees.

II.

CONCLUSION

Because the plaintiffs in Levesque have requested dismissal of the only federal claim over which this court's jurisdiction has been invoked, subject matter jurisdiction no longer exists. The myriad of pendant state law claims that remain substantially predominate over the single federal claim.

1   For all of the reasons stated above and in order to promote
2  economy, fairness, and comity, and to discourage forum shopping,
3  plaintiffs' motions should be granted and the cases should be
4  remanded to the state court.  Under the circumstances, the
5  attorney fees and expenses incurred by plaintiffs in connection
6  with the removal should be paid by defendants and/or their
7  counsel.

Dated: August 14, 2007     _____
                                Ronald W. Carter
                              Attorney for Plaintiffs
                              Dorothy Daniels, et al.