FILED

'2007 MAR 16 A 9:14

K. MITCHELL

1  Jesse C. Ralph, SBN 171668
   54 Macondray Lane
2  San Francisco, California 94133
   Phone/Fax/Message (415)776-1826
3
   Attorney For Plaintiff: JIMMIE T. BRADEN, SR.
4
5
6                IN THE SUPERIOR COURT OF CALIFORNIA
7                 IN AND FOR CONTRA COSTA COUNTY
8                    UNLIMITED CIVIL JURISDICTION
9
   JIMMIE T. BRADEN, SR.,          )    CASE NUMBER:    C 07    00454
10                                  )
                                    )    **Verified**
11      Plaintiff                   )    COMPLAINT FOR DAMAGES:
                                    )    1) Fraud / Intentional
12      vs.                         )    Misrepresentation;
                                    )    2) Intentional Infliction of
13                                  )    Emotional Distress
   1) KANYA COLEMAN,               )    3) Conversion
14 2) JORIE WRIGHT,                )    4) Declaratory Relief
   3) R.E.P.S. REAL ESTATE PERS-  )    5) Conspiracy to Defraud
15 SONNEL SERVICES, a business     )    6) Breach of Contract, and
   entity of unknown form,         )    7) Common Counts
16 4) K PLATINUM INTERNATIONAL     )
   GROUP, INC., a California        )
17 corporation,                    )
   5) K PLATINUM GROUP, INC., a    )
18 California corporation,          )            PER LOCAL RULE 5 THIS
   6) PROSPERITY MATTERS, LLC, a   )            CASE IS ASSIGNED TO
19 California Limited Liability     )            DEPT ___30___
   company,                        )
20 and                             )
   4) DOES 1-35, inclusive,        )
21                                 )
        Defendants,                )
22
                       **COMMON ALLEGATIONS**
23
        1. Plaintiff, JIMMIE T. BRADEN, SR. (hereinafter
24
   "Plaintiff") is, and at all time herein mentioned was:
25
   \\
26
27 Complaint                        1

1        a)    a resident of the City of Hercules and Contra

2              Costa County, State of California; and

3        b)    a defrauded investor in Defendants, and each of

4              them.

5      2.   Plaintiff is informed and believes and thereon alleges

6  that Defendant, KANYA COLEMAN (hereinafter "COLEMAN") is and at

7  all times herein mentioned was:

8        a)    an individual residing in Contra Costa County,

9              State of California;

10       b)    the Agent for Service of Process for Defendant, K

11            PLATINUM GROUP, INC., a California corporation

12            [hereinafter "KPG"];

13       c)    an agent of Defendant, KPG;

14       d)    a corporate officer, and President of, Defendant, KPG;

15       e)    an agent of Defendant, R.E.P.S. REAL ESTATE PERSONNEL

16            SERVICES, a business entity of unknown form, doing

17            business at 4185 Blackhawk Plaza Circle, Suite 200,

18            Danville, Contra Costa County, California 94506

19            [hereinafter "REPS"];

20       f)    an agent of Defendant, K PLATINUM INTERNATIONAL GROUP,

21            INC., a California corporation [hereinafter "KPI"];

22       g)    an officer of Defendant, KPI;

23       h)    a Member of Defendant, PM.

24      3.   Plaintiff is informed and believes and thereon alleges

25  that Defendant, JORIE WRIGHT [hereinafter "WRIGHT"], is and at

26  all times herein mentioned was:

27  Complaint                        2

1       a)    an individual residing within Contra

2             Costa County, State of California;

3       b)    an agent of Defendant, KPG;

4       c)    a corporate officer of Defendant, KPG;

5       d)    an agent of Defendant, R.E.P.S.;

6       e)    an agent of Defendant, KPI;

7       f)    an officer of Defendant, KPI;

8       g)    a member of Defendant, PM.

9       4.    Plaintiff is informed and believes and thereon alleges

10 that Defendant, R.E.P.S. REAL ESTATE PERSONNEL SERVICES, is:

11       a)    a business entity of unknown form, doing business at

12             4185 Blackhawk Plaza Circle, Suite 200, Danville,

13             Contra Costa County, California 94506 [hereinafter

14             "REPS"];

15       b)    a principal of Defendants, WRIGHT and COLEMAN;

16       c)    an agent of Defendant, KPG;

17       d)    an agent of Defendant, KPI;

18       e)    an agent of Defendant, PM.

19       5.    Plaintiff is informed and believes and thereon alleges

20 that Defendant, K PLATINUM INTERNATIONAL GROUP, INC., a

21 California corporation [hereinafter "KPI"], is:

22       a)    a California corporation; and

23       b)    a principal of Defendants, COLEMAN, KPG, REPS, PM and

24             WRIGHT, and each of them;

25       c)    an agent Defendant, KPG, and PM, and each of them;

26 \\

27 Complaint                  3

1    6.    Plaintiff is informed and believes and thereon alleges

2 that Defendant, K PLATINUM GROUP, INC., a California corporation

3 [hereinafter "KPG"], is, and at all times herein mentioned was:

4        a)    a California corporation; and

5        b)    a principal of Defendants, COLEMAN, KPI, REPS, PM, and

6              WRIGHT, and each of them;

7        c)    an agent of Defendants, KPI, and PM, and each of them.

8    7.    Plaintiff is informed and believes and thereon alleges

9 that Defendant, PROSPERITY MATTERS, LLC [hereinafter "PM"], is,

10 and at all times herein mentioned was:

11       a)    a California Limited Liability Company;

12       b)    a principal of Defendants, COLEMAN, REPS, and WRIGHT,

13             and each of them.;

14       c)    an agent of Defendants, KPI and KPG, and each of them.

15   8.    Plaintiff is informed and believes and thereon alleges

16 there exists, and at all times herein mentioned there existed,

17 such a unity of interest and/or ownership between Defendants,

18 COLEMAN, WRIGHT, REPS, PM, KPI and KPG, and each of them, that

19 any individuality and separateness between them, has ceased, and

20 each is the alter ego of the other.

21   9.    Adherence to the fiction of the separate existence of

22 Defendants, REPS, PM, KPI and KPG, as entity (ies) distinct from

23 one another would permit an abuse of the corporate and/or limited

24 liability company  privilege, sanction fraud, and promote

25 injustice.

26 \\

27 Complaint                         4

1       10.   The true names and capacities, whether individual,

2   corporate, or otherwise, of Defendants DOES 1-35, inclusive, are

3   unknown to Plaintiff, who therefore sues such said Defendants by

4   such fictitious names.  Plaintiff requests leave to amend this

5   Complaint when the true names and capacities of the DOE

6   defendant(s) have been ascertained.  Whenever in this Complaint a

7   Defendant is the subject of any charging allegation, the

8   fictitiously named Defendants are also responsible thereunder and

9   the subject of such charging allegations.

10      11.   Plaintiff is informed and believes that at all times

11  each Defendant was the agent, employee, joint venturer, husband

12  or wife, mother, father, son or daughter, member, shareholder,

13  investor, and/or partner of each other Defendant and was acting

14  in the scope of said representative capacity, and, further, that

15  all acts and omissions of each Defendant alleged herein have been

16  ratified by all other Defendants.

17                          **General Allegations**

18      1.   Plaintiff incorporates by reference all Common

19  Allegations as though fully set forth.

20      2.   Commencing in or about August 2006, Defendants, KPI,

21  COLEMAN, WRIGHT, and PM, and each of them, sought monetary

22  investment from Plaintiff.

23  \\

24

25  \\

26

27  Complaint                          5

1    3.    On or about  August 29, 2006, Plaintiff tendered a
2 Cashier's Check issued by Wells Fargo Bank, #: 0048511968, in the
3 amount of $25,000 to Defendant, KPG, in reliance upon its
4 representations of a twenty-five percent (25%) monthly return on
5 investment.

6    4.    On or about October 13, 2006, Defendant, REPS, and
7 WRIGHT, and each of them, issued a "pay out" to Plaintiff in the
8 amount of $7,500 via Defendant, REPS,  Check #: 1130, drawn on
9 Comerica Bank.

10    5.    On or about October 16, 2006, Plaintiff tendered a
11 Cashier's Check issued by Wells Fargo Bank, #: 0048512029, in the
12 amount of $11,000 to Defendant, KPG, in reliance upon its
13 representations of a twenty-five percent (25%) monthly return on
14 investment.

15    6.    As of October 16, 2006, Plaintiff's investment with
16 Defendants, and each of them, totaled $36,000 [$25,000 + $11,000
17 = $36,000].

18    7.    On or about November 3, 2006, Defendant, KPG, issued
19 Plaintiff's "November Return" via its Check, Number: 15185, drawn
20 on The Mechanics Bank, in the amount of $9,000.

21    8.    The $9,000 "November Return" represented the 25%
22 monthly return promised to Plaintiff, by Defendants, and each of
23 them, on his $36,000 investment [i.e. 25% of $36,000 = $9,000].
24 \\
25 \\
26
27 Complaint                          6

1     9.   Defendants, and each of them, also paid Plaintiff

2 $9,000 for his "December Return" which, again, represented the

3 25% monthly return promised to Plaintiff, by Defendants, and each

4 of them, on his $36,000 investment [i.e. 25% of $36,000 =

5 $9,000].

6     10.  Since December 2006, Defendants, and each of them, have

7 failed and refused to continue the required monthly payments

8 ($9,000) to Plaintiff.

9     11.  By letter dated January 8, 2007, counsel for Defendant,

10 COLEMAN, expressly represented to Plaintiff:

11        "...**Coleman has resumed and reacquired her position as**

12        **President of the Company [KPG, ed]. In this regard, the**

13        **Company [KPG, ed] will continue its commitment in**

14        **honoring your promissory note and making your interest**

15        **payments."**

16     12.  No further payments have been received by Plaintiff.

17     13.  On March 01, 2007, Plaintiff demanded from Defendants,

18 COLEMAN, and KPG, and each of them:

19        "... **the entire unpaid principal ... together with all**

20        **accrued but unpaid interest ...**" within "... **ten days**

21        ...**" [i.e. no later than 5:00 p.m., Monday. March 12,**

22        **2007] of this "... written notice ...".**

23        **The unpaid Principal is:**           **$36,000.00**

24        **The accrued but unpaid interest is:**

25 \\

26

27 Complaint                 7

1         **a)**    **January 13, 2007**       **$9,000.00**

2         **b)**    **February 13, 2007**      **$9,000.00 $18,000.00**

3        **In addition, my Client is entitled to recover**

4        **his attorney fees to date, which sum is:**     **$500.00**

5        **Total Demand:**              **$ 54,500.00"**

6     14.   No response was received from Defendants, or any of

7 them, to Plaintiff's demand.

8     15.   An additional $9,000 payment was due March 13, 2007,

9 and remains unpaid [$54,500 + $9,000 = $63,500].

10     16.   On account of the failure of the Defendants, and

11 each of them, to pay the agreed upon return on investment, and on

12 account of the failure of Defendants, and each of them, to return

13 to Plaintiff his investment principal, Plaintiff has sustained

14 other economic losses, including but not limited to, lost/missed

15 investment opportunity(ies), and attorney fees and costs of suit,

16 in amounts according to to proof.

17                  **First Cause of Action**

18         **Fraud / Intentional Misrepresentation**

19             **Against All Defendants**

20     1.   Plaintiff incorporates all common and general

21 allegations, as though fully set forth.

22     2.   Defendants, COLEMAN, WRIGHT, REGS, PM, KPG and KPI, and

23 each of them, falsely and fraudulently represented to Plaintiff:

24     a)    that they, and each of them, would:

25 \\

26

27 Complaint                        8

1    1) pay Plaintiff 25% monthly interest on all sums
2     Plaintiff invested with Defendants, and each of
3     them; and
4    2) upon demand immediately refund to Plaintiff all
5     unpaid interest and principal in the event
6     Defendants, or any of them, failed to make a
7     required payment; and
8  b) that the "Investment principle is insured and
9   guaranteed by New York Life Insurance Company."
10 3. At the times Defendants made the foregoing
11 representations to Plaintiff, unbeknownst to Plaintiff,
12 Defendants, and each of them, knew the representations were
13 false.
14 4. The representations made by Defendants, and each of
15 them, were false.
16 5. The representations made by Defendants, and each of
17 them, were made by Defendants, and each of them, to Plaintiff
18 with the intent to induce Plaintiff to pay Defendants money, and
19 with the intent to defraud Plaintiff of his money.
20 6. With justifiable reliance on the promises and
21 representations of the Defendants, and each of them, Plaintiff
22 was induced to, and did, invest $36,000, with Defendants, and
23 each of them.
24 \\
25 \\
26
27 Complaint        9

1    7.    Plaintiff has suffered resulting damage in that despite

2  his demand, Defendants, and each of them, have wilfully failed

3  and refused to return to Plaintiff his $36,000 in principal, and

4  the Defendants, and each of them, have failed and continue to

5  failed to pay to Plaintiff $9,000 in monthly interest; the total

6  amount of which can only be measured, according to proof, upon

7  payment, or Judgment.

8    8.    Defendants, and each of them, knew the representations

9  were false, and they, and each of them, intentionally failed to

10 make full and complete disclosure of information when they, and

11 each of them, were subject to affirmative duty (ies) to do so;

12 the representations and omissions were made with the intent to

13 induce Plaintiff to act in the manner set forth herein above and

14 below, to Plaintiff's detriment.

15    9.    Plaintiff has and will continue to suffer substantial

16 harm and injury if the wrongs herein alleged are not rectified.

17 Plaintiff would be deprived of his bargain and would receive

18 consideration inferior to what he bargained for and intended to

19 receive if the wrongs are not corrected.

20    10.    As a proximate result of the aforementioned acts,

21 Plaintiff suffered humiliation, mental anguish, and emotional and

22 physical distress, and has been injured in mind and body.

23  \\

24  \\

25  \\

26

27  Complaint                    10

1      11.  As a further consequence of the aforementioned acts
2  Plaintiff is informed and believes and thereon alleges that he
3  will be required to employ physicians and surgeons to examine,
4  treat, and care for him in an amount which has not yet been
5  ascertained. Plaintiff is informed and believes and thereon
6  alleges that he will incur medical expenses the exact amount of
7  which is presently unknown.

8      12.  As a proximate result of the transgressions of
9  Defendants, and each of them, and the facts herein alleged,
10 Plaintiff, has been and continues to be, damaged in an amount
11 according to proof.

12     13:  In performing the acts herein alleged, Defendants, and
13 each of them, intentionally misrepresented and concealed from
14 Plaintiff, material facts known to the said Defendants, and each
15 of them, with the intention on the part of said Defendants, and
16 each of them, of depriving Plaintiff of his health, money or
17 property or security, thereby justifying an award of punitive
18 damages against Defendants, and each of them, in an amount
19 sufficient to punish or make an example of all and each of them.

20     **WHEREFORE**, Plaintiff prays for judgment against Defendants,
21 and each of them, as follows:

22     On the First Cause of Action:

23     (a).  For general damages in a sum according to proof;

24     (b).  For special damages according to proof;

25     ©.  For exemplary and punitive damages;

26 \\

27 Complaint                          11

1      (d).  For costs of suit incurred herein; and

2      (e).  For such other and further relief as the Court deems

3 proper.

**Second Cause of Action**

**Intentional Infliction of Emotional Distress**

**Against All Defendants**

7    1.  Plaintiff incorporates all Common and General

8 allegations, and all allegations contained within the First,

9 Causes of Action, as though fully set forth by this reference.

10    2.  Plaintiff is informed and believes and thereon alleges

11 that at the times Defendants, and each of them, falsely and

12 fraudulently represented to Plaintiff:

13    a)  that they, and each of them, would:

14        1)  pay Plaintiff 25% monthly interest on all sums

15             Plaintiff invested with Defendants, and each of

16             them; and

17        2)  upon demand immediately refund to Plaintiff all

18             unpaid interest and principal in the event

19             Defendants, or any of them, failed to make a

20             required payment; and

21    b)  that the "Investment principle is insured and

22        guaranteed by New York Life Insurance Company."

23 Defendants, and each of them, knew, or should have known, that

24 Plaintiff was, is, and remains, a retired individual, dependent

25 upon his investment income for his quality of life.

26 \\

27 Complaint               12

3.   Notwithstanding such knowledge, Defendants, and each of them, embarked upon a scheme to have Plaintiff provide them with his funds although said funds were unsecured, and despite Defendants express representation to the contrary, uninsured.

4.   The scheme of the Defendants, and each of them, to have Plaintiff provide them with his funds although said funds were unsecured, and despite Defendants express representation to the contrary, uninsured, were knowing, intentional, willful and done with a reckless disregard of the probability of causing Plaintiff significant financial damage and resultant severe emotional distress.

5.   As a proximate result of the aforesaid conduct by Defendants, and each of them, Plaintiff suffered extreme mental anguish and emotional and physical distress, all to his general damages in a sum according to proof, or as set forth on the Statement of Damages served herewith.

6.   As a proximate result of the aforesaid conduct by Defendants, and each of them, Plaintiff is informed and believes he will be required to incur medical and related expenses in a sum according to proof, or as set forth on the Statement of Damages served herewith.

\\

\\

\\

Complaint                              13

1      7.    Plaintiff is informed and believes and thereon alleges
2 that the intentional and purposeful failure of the
3 Defendants, and each of them, to place the represented insurance
4 coverage for the security of his funds was oppressive and
5 malicious within the intent, meaning, and spirit of Civil Code,
6 Section 3294 in that it has, and continues to subject Plaintiff
7 to cruel and unjust financial hardships in willful and conscious
8 disregard of Plaintiff's rights, security and safety, thereby
9 entitling Plaintiff to an award of punitive damages.

10    **WHEREFORE**, Plaintiff prays judgment against Defendants, and
11 each of them, on the Second Cause of Action, as follows:

12    1.    For general damages according to proof, or pursuant to
13        the Statement of Damages, served herewith; and

14    2.    For economic loss according to proof, or pursuant to
15        the Statement of Damages, served herewith;

16    3.    For past, present, and future medical and related
17        expenses according to proof, or pursuant to the
18        Statement of Damages, served herewith;

19    4.    For punitive damages in an amount necessary to punish
20        Defendants.

21    5.    For such other and further relief as the Court deems
22        proper.

23 \\

24

25 \\

26

27 Complaint                14

1 | **Third Cause of Action**

2 | **Conversion**

3 | **Against All Defendants**

4 | 1.  Plaintiff incorporates all common and general

5 allegations, and all allegations set forth in the First and

6 Second causes of action as though fully set forth.

7 | 2.  Plaintiff is and at all times herein mentioned was the

8 owner of $36,000 invested with the Defendants, and each of them.

9 | 3.  Since March 01, 2007, Plaintiff has demanded

10 possession, or replacement value, of the $36,000 but said

11 Defendants, and each of them, have failed and continue to fail to

12 pay Plaintiff in accordance with their agreements to do so.

13 Defendants, and each of them, have wrongfully retained possession

14 of the subject $36,000 since January 01, 2007.

15 | 4.  Between the time of the Conversion by Defendants, and

16 each of them, and the filing of this action, Plaintiff and his

17 attorney have expended time and money in pursuit of the converted

18 property.  Plaintiff requests an award of these monies according

19 to proof at the time of trial.

20 | 5.  The acts and omissions of Defendants, and each of them,

21 in converting and trespassing against the property and collateral

22 of Plaintiff was and continues to be willful, wanton, malicious,

23 and oppressive within the meaning, scope and interpretation of

24 California Civil Code section 3294.  The acts and omissions

25 undertaken with intent to defraud, and justify the award of

26 exemplary and punitive damages.

27 Complaint                              15

1    6.   As a proximate result of the transgressions of

2 Defendants, and each of them, and the facts herein alleged,

3 Plaintiff was, and continues to be, damaged in an amount

4 according to proof.

5    **WHEREFORE**, Plaintiff, prays for judgment against Defendants,

6 and each of them, as follows:

7    On the Third Cause of Action:

8    (a).  For the value of the converted property in a sum

9    according to proof, or as set forth on the Statement of

10    Damages served herewith;

11    (b).  For interest at the legal rate(s) pursuant to

12    Section 3336 of the Civil Code according to proof;

13    ©.   For damages for time and money properly expended in

14    pursuit and safeguarding the converted property in a

15    sum according to proof;

16    (d).  For damages for the proximate and foreseeable

17    loss resulting from the conversion according to proof;

18    (e).  For punitive and exemplary damages;

19    (f).  For attorney fees and costs of suit incurred herein;

20 and

21    (g).  For such other and further relief as the Court

22    deems proper.

23 \\

24 \\

25 \\

26

27 Complaint                          16

## Fourth Cause of Action

## Declaratory Relief

## Against All Defendants

1.    Plaintiff incorporates all common and general allegations, and all allegations set forth in the First through Third, causes of action as though fully set forth.

2.    An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights and responsibilities in that Plaintiff contends he is entitled to a) return of his principal in the amount of $36,000, b) monthly interest payments of $9,000, c) attorneys fees and costs, and d) punitive and exemplary damages. Plaintiff is informed and believes Defendants, and each of them, dispute these contentions.

3.    Plaintiff desires a judicial determination of his rights and duties and a determination as to his right, title and interest in the personal property, interest, costs, fees, and/or proceeds.

4.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties by way of a determination of his rights, title, interest, proceeds, and reimbursement of attorney fees and costs.

**WHEREFORE**, Plaintiff prays judgment as follows:

\\

Complaint                              17

1    (a).  For a Declaration that Plaintiff is entitled to
2  payment of $36,000 principal, together with $9,000 monthly
3  interest payments from January 1, 2007, attorneys fees and costs
4  and punitive and exemplary damages;

5    (b).  For attorneys fees;

6    c.  For costs of suit;

7    (d).  For such other and further relief as the Court may
8  deem proper.

9                    **Fifth Cause of Action**

10                   **Conspiracy to Defraud**

11                   **Against All Defendants**

12    1.  Plaintiff incorporates all common and general
13  allegations, and all allegations set forth in the First through
14  Fourth, causes of action as though fully set forth.

15    2.  A civil conspiracy exists where, as here, Defendants,
16  and each of them, acted, and omitted to act, in combination, for
17  the purposes of having Plaintiff invest monies in an unsecured
18  and uninsured manner with the intent to deprive Plaintiff of his
19  money.

20    3.  Defendants, and each of them, conspired to defraud
21  Plaintiff, to have Plaintiff permanently deprived of his money by
22  their purposeful omission to place insurance upon Plaintiff's
23  $36,000 principal investment notwithstanding their
24  representations to the contrary.

25    **WHEREFORE**, Plaintiff prays judgment as follows:

26  \\

27  Complaint                        18

1    1.    For attorney fees and costs of suit;

2    2.    For such other and further relief as the Court deems

3          proper;

4    3.    General Damages according to proof, or as set forth

5          within the Statement of Damages served herewith;

6    4.    Special Damages according to proof, or as set forth

7          within the Statement of Damages served herewith;

8                        **Sixth Cause of Action**

9                      **Breach of Written Contract**

10                       **Against All Defendants**

11    1.    Plaintiff incorporates all common and general

12 allegations, and all allegations set forth in the First through

13 Fifth, causes of action as though fully set forth.

14    2.    The written agreement between Plaintiff, and Defendant,

15 KPG, required said Defendant, to, inter alia, pay

16          **"... the entire unpaid principal ... together with all**

17          **accrued but unpaid interest ..." within "... ten days**

18          **..." [i.e. no later than 5:00 p.m., Monday. March 12,**

19          **2007] of this "... written notice ...".**

20          **The unpaid Principal is:                    $36,000.00**

21          **The accrued but unpaid interest is:**

22               **a)    January 13, 2007         $9,000.00**

23               **b)    February 13, 2007        $9,000.00  $18,000.00**

24          **In addition, my Client is entitled to recover**

25          **his attorney fees to date, which sum is:        $500.00**

26          **Total Demand:                         $ 54,500.00"**

27 Complaint                            19

1      3.    Defendant, KPG, has have breached the agreement by
2  unreasonably failing to timely return the required principal and
3  interest to Plaintiff.

4      4.    The failure of performance on the part of Defendants,
5  and each of them, constitutes breach of the Agreement between
6  Plaintiff and Defendants, and each of them.

7      5.    Defendants, and each of them, voluntarily assumed and
8  subsequently breached the contractual obligations they undertook.

9      6.    As a proximate result of the transgressions of
10  Defendants, and each of them, and the facts herein alleged,
11  Plaintiff has been and continues to be damaged in an amount
12  according to proof, but no less than $63,500, exclusive of
13  attorneys fees and costs.

14      7.    The written agreement includes an attorney fees and
15  costs provision.

16      **WHEREFORE**, Plaintiff prays for judgment against Defendants,
17  and each of them, as follows:

18      On the 6th Cause of Action:

19      (a).    For compensatory damages in a sum according to proof;

20      (b).    For lost earnings, past and future, according to
21  proof;

22      ©.    For prejudgment interest;

23      (d).    For attorney's fees and costs of suit incurred herein;
24  and

25      (e).    For such other and further relief as the Court
26      deems proper.

27  Complaint                            20

1                          **Seventh Cause of Action**

2                              **Common Counts**

3                            **Against All Defendants**

4          1.    Plaintiff incorporates all common and general

5    allegations, and all allegations set forth in the First through

6    Sixth, causes of action as though fully set forth.

7          2.    Plaintiff alleges that Defendants, and each of them,

8    became indebted to Plaintiff, within the last two years:

9                a)    for money had and received by Defendants, and each

10                     of them, for the benefit of Plaintiff;

11               b)    for money lent by Plaintiff to Defendants, and

12                     each of them, at Defendants' request;

13               c)    for money paid, laid out, and expended to

14                     Defendants, and each of them, at he/she/its/their

15                     special instance and request.

16         3.    $63,500 is now presently due, and unpaid, despite

17   Plaintiff's demand, exclusive of attorney fees, and costs of suit

18   and pre-judgment interest at the rate of 25% per month from April

19   13, 2007.

20         4.    Plaintiff is entitled to attorney fees and costs by an

21   agreement or statute according to proof.

22         **WHEREFORE,** Plaintiff prays for judgment against Defendants,

23   and each of them, as follows:

24         On the 7th Cause of Action:

25         (a).  For compensatory damages in a sum according to proof;

26   \\

27   Complaint                        21

1    (b).   For lost earnings, past and future, according to

2 proof;

3    ©.    For prejudgment interest;

4    (d).   For attorney's fees and costs of suit incurred herein;

5 and

6    (e).   For such other and further relief as the Court

7    deems proper.

8

9    Dated: March 15, 2007                    _____
                                              Jesse C. Ralph
10                                            Attorney for Plaintiff

11

                          **V E R I F I C A T I O N**
12                              [Out of County]

13    I, JESSE C. RALPH, declare:

14    I am the attorney of record for   in the above-entitled
action.  The foregoing Complaint has been read and considered by
15 Plaintiff, and its contents are the true as of his own knowledge,
except to those matters stated on information and belief, and as
16 to those matters he believes them to be true. Plaintiff is absent
from the county in which I have my office and, for that reason, I
17 am making this verification on his behalf.  I declare under
penalty of perjury under the laws of the State of California that
18 the foregoing is true and correct and that this declaration was
executed on March 15, 2007, at San Francisco, California.

19
                                              _____
20                                            JESSE C. RALPH, ESQ.
                                              Attorney for Plaintiff
21

22

23

24

25

26

27 Complaint                        22