V. Elizabeth Grayson
California SB# 122611
888 Seventh Avenue – 45th Floor
New York, N.Y. 10106
Tel.: (646) 406-1512

Attorney for Plaintiff

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA

---

Charmaine Bennett,

    Plaintiff,

    vs.

K Platinum Group, Inc., K. Platinum International Associates, Inc., K. Platinum International Group, Inc., K. Platinum Realty Inc., K. Platinum Associates, Inc., K. Platinum Financial Inc., Performance Finance, Insurance and Consulting, LLC, T.J. Pantaleao, Len Quick, Kanya Coleman, Jorie Wright, New York Life Insurance Company, CRES Insurances Services, LLC, and Does One Through Ten,

    Defendants.

VERIFIED COMPLAINT FOR BREACH OF CONTRACT, FRAUD, PIERCING CORPORATE VEIL, CONVERSION, FRAUDULENT TRANSFERS AND RELATED CAUSES OF ACTION

---

### Introduction

1. Plaintiff, a retiree, was defrauded of her life savings in a corporate scam and pyramid scheme as set forth below.

### Parties and Venue

2. Plaintiff, Charmaine Bennett, ("Plaintiff") is a natural person and a resident of California.

3. Defendants K Platinum Group, Inc., K. Platinum Associates Inc., K. Platinum International Associates Inc., K. Platinum Realty Inc., K. Platinum Financial, Inc., and K.

Platinum International Group, Inc., are, upon information and belief, California Corporations with their principle places of business in Contra Costa County, California. The foregoing corporations are hereafter referred to collectively as the "K-Platinum Incorporated Defendants."

4. Defendant, Kanya Coleman ("Coleman") is a natural person and, upon information and belief, a resident of Contra Costa County, California. Defendant, Jorie Wright ("Wright") is a natural person and, upon information and belief, a resident of Contra Costa County, California. Coleman and Wright (collectively the "K-Platinum Individual Defendants") have at all times pertinent to this Complaint been the controlling directors, officers and shareholders of each of the K-Platinum Incorporated Defendants.

5. Defendant Performance Finance, Insurance and Consulting, LLC ("PFICON") is, upon information and belief, a Wyoming Limited Liability Company, with its principle place of business in Dallas, Texas.

6. Defendants T.J. Pantaleao ("Pantaleao") and Len Quick ("Quick") are, upon information and belief, the controlling members of PFICON, and natural persons residing in the state of Texas.

7. The K-Platinum Incorporated Defendants and PFICON are hereafter collectively referred to as the "Corporate Defendants." Coleman, Wright, Pantaleao, and Quick are hereafter collectively referred to as the "Individual Defendants."

8. Defendant New York Life Insurance Company ("New York Life") is, upon information and belief, a mutual life insurance company organized under the laws of the State of New York, with its principle place of business in New York, N.Y. Defendant CRES Insurance Services, LLC ("CRES") is, upon information and belief, a limited liability insurance

company organized under the laws of the State of Arkansas, with its principle place of business in San Diego, California. New York Life and CRES are referred to collectively as the "Insurer Defendants."

9. Does One through Ten are individuals or juridical entities whose identity is presently unknown to Plaintiff, who acted in concert with the named defendants herein and are jointly and severally liable with said defendants as set forth herein.

10. Venue is proper in Contra Costa County because the K-Platinum Incorporated Defendants maintain their principle places of business in this county, defendants Coleman and Wright reside in this county, and the most of the actions complained of herein occurred in this county.

### First Cause of Action for Breach of Contract Against The Corporate Defendants

11. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-10 herein.

12. The Corporate Defendants borrowed $260,000 from Plaintiff, executed a promissory note in favor of Plaintiff, and breached their contract with Plaintiff by failing to make payments thereon. The sum presently owing from the Corporate Defendants to Plaintiff under said promissory note is $455,000 inclusive of principle and interest.

### Second Cause of Action Against the Corporate Defendants, the Individual Defendants, and Does One Through Ten for Conversion

13. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-12 herein.

14. The Corporate Defendants herein, and each of them, and Does one through ten, rather than repaying Plaintiff under the promissory note, instead wrongfully and intentionally converted Plaintiff's money to their own use.

15. Said conversion subjected Plaintiff to monetary damages in an amount not less than $455,000.

### Third Cause of Action Against the Corporate Defendants and the Individual Defendants for Fraud

16. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-15 herein.

17. The Corporate and Individual Defendants herein, and each of them, represented to Plaintiff that if she lent them $260,000, they would execute a promissory note in her favor, and make payments of principle and interest in compliance with the terms of said promissory note. These defendants made said representations with the intention and knowledge that Plaintiff would foreseeably rely upon said representations by loaning them $260,000.

18. Plaintiff did in fact rely upon these defendants' representations by loaning them $260,000.

19. At the time that these defendants represented to Plaintiff that they would perform under their promissory note if Plaintiff loaned them $260,000, defendants in fact had no intention of performing under the promissory note and repaying Plaintiff with interest, but rather intended to convert Plaintiff's money to their own use as previously set forth herein.

20. Plaintiff was thereby defrauded and injured by the Corporate Defendants, the Individual Defendants, and each of them, in the amount of $455,000.

### Fourth Cause of Action Against the Individual Defendants and Does One Through Ten to Pierce Corporate Veil

21. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-20 herein.

22. The Individual Defendants and Does One through Ten, the controlling directors, officers and shareholders of the Corporate Defendants herein, abused the corporate form and the limited liability company form, by failing to observe formalities, commingling funds of the Corporate Defendants amongst the Corporate Defendants and with their own personal funds, and by converting corporate funds, including Plaintiff's money, to their own use.

23. The Individual Defendants and Does One though Ten utilized the Corporate Defendants, and each of them, as alter egos.

24. The foregoing conduct on the part of the Individual Defendants and Does One Through Ten injured Plaintiff in an amount not less than $455,000.

25. The corporate veils of the Corporate Defendants and each of them must accordingly be pierced, and the Individual Defendants held jointly and severally liable to Plaintiff for the sum of $455,000.

### Fifth Cause of Action Against the Individual Defendants, the Corporate Defendants, and Does One Through Ten for Intentional Fraudulent Conveyance

26. Plaintiff repeats and incorporates by reference the allegations paragraphs 1 through 25 herein.

27. The Individual Defendants and Does One through Ten herein intentionally conveyed and transferred the assets of plaintiff and the Corporate Defendants herein, to themselves and persons and entities closely associated with themselves, or amongst the Corporate Defendants, for the purpose of defrauding the Corporate Defendants' lawful creditors including Plaintiff, and benefiting themselves at the lawful creditors' expense.

28. Said intentional fraudulent transfer inflicted injury upon Plaintiff in the amount of $455,000.

### Sixth Cause of Action Against the Individual Defendants, the Corporate Defendants, and Does One Through Ten for Constructive Fraudulent Conveyance

29. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-29 herein.

30. The Individual Defendants and Does 1 through 10 transferred the assets of the Corporate Defendants to themselves and persons closely associated with themselves, or amongst the Corporate Defendants, in exchange for inadequate consideration, at a time when the Corporate Defendants were insolvent and/or said transfers rendered the Corporate Defendants insolvent, thereby injuring the Corporate Defendants' lawful creditors including Plaintiff.

31. Said constructive fraudulent transfer inflicted injury upon Plaintiff in the amount of $455,000.

### Seventh Cause of Action – Breach of Insurance Contract (New York Life)

32. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-31 herein.

33. Defendant New York Life, through its agent Rob Ferguson, issued insurance policies, nos. 48624699 and 61006759, of which plaintiff was an intended third party beneficiary. Said

policies insured the face amount of plaintiff's investment with the Corporate Defendants. New York Life is now contractually bound to pay plaintiff $455,000 under said policies.

### Eighth Cause of Action – Breach of Insurance Contract

34. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-32 herein.

35. Defendant CRES, through its agent Anthony Quatrone, issued errors and omissions, and professional liability insurance policies, nos. G00-40000082-00 and N00-7002513-00, of which plaintiff was an intended third party beneficiary. Said policies insured plaintiff's investment with the Corporate Defendants. CRES is now contractually bound to pay plaintiff $455,000 under said policies.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

ON THE FIRST CAUSE OF ACTION (BREACH OF CONTRACT): Entering Judgment for compensatory contract damages against the Corporate Defendants, and each of them, imposing joint and several liability in the amount of $455,000;

ON THE SECOND CAUSE OF ACTION (CONVERSION): Entering Judgment for compensatory damages against the Corporate Defendants, the Individual Defendants, and each of them, and Does One through Ten, imposing joint and several liability in the amount of $455,000, and further awarding punitive damages according to proof at trial;

ON THE THIRD CAUSE OF ACTION (FRAUD): Entering Judgment for compensatory damages against the Corporate Defendants, the Individual Defendants, and each of them, imposing joint and several liability in the amount of $455,000, and further awarding punitive damages according to proof at trial;

ON THE FOURTH CAUSE OF ACTION (PIERCING): Entering Judgment for compensatory damages against the Individual Defendants and Does One through Ten, in the amount of $455,000;

ON THE FIFTH CAUSE OF ACTION (INTENTIONAL FRAUDULENT CONVEYANCE): Entering Judgment for compensatory damages against the Corporate Defendants, the Individual Defendants, Does One through Ten, and each of them, as joint and several liability in the amount of $455,000, and further awarding punitive damages according to proof at trial;

ON THE SIXTH CAUSE OF ACTION (CONTRUCTIVE FRAUDULENT CONVEYANCE): Entering Judgment for compensatory damages against the Corporate Defendants, the Individual Defendants, and each of them, as joint and several liability in the amount of $455,000;

ON THE SEVENTH CAUSE OF ACTION (BREACH OF INSURANCE CONTRACT): Entering Judgment for compensatory damages against Insurer Defendant New York Life in the amount of $455,000;

ON THE EIGHTH CAUSE OF ACTION (BREACH OF INSURANCE CONTRACT): Entering Judgment for compensatory damages against Insurer Defendant CRES in the amount of $455,000.

AS TO ALL CAUSES OF ACTION: awarding additional pre-judgment and post-judgment interest, attorney's fees, costs, and such other and further relief as the court may deem just.

Respectfully submitted,

_____
V. Elizabeth Grayson
Attorney for Plaintiff
Charmaine Bennett

<u>Verification</u>

I, Charmaine Bennett declare:

I am the plaintiff in this action. I have examined the complaint in this action. The facts alleged in the complaint are true of my personal knowledge except for those facts alleged on information and belief, which facts I believe to be true

The foregoing is true and correct of my personal knowledge. This verification was executed under penalty of perjury of the laws of the state of California in Tracy, California on April __, 2004.

_____
Charmaine Bennett