1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMY LEVESQUE,                                              No. C07-03269 MJJ

        Plaintiff,                                    **ORDER GRANTING PLAINTIFFS'**
                                                  **MOTION TO REMAND**
   v.

KANYA TENNYSHA COLEMAN, ET AL.

        Defendant.
_____/

**INTRODUCTION**

    Before the Court is Plaintiffs Dorothy Daniels, Theatris Ervin, Rendy Lola Perkins, and

Donna Wilson's (collectively "Daniels Plaintiffs") Motion to Remand.[1]  Also before the Court is

Plaintiffs Avis Doctor, Chari Ogogo, Paulette Mayo, Karen Smith, Suzette Steinberg, Thomas

Steinberg, Amy Leveque, George Roach, Agree Johan, Sylvia Hernandez, Dick Ling, John O'Brien,

Kiflai Tesfai, Laura Zamora, and Raul Zamora's (collectively "Levesque Plaintiffs") Motion to

Remand.[2]  Defendants K Platinum Group, Inc.; K Platinum International Group, Inc.; K Platinum

Associates, Inc.; K Platinum International Associates, Inc.; K Platinum Financial International

Realty, Inc. (collectively "K Platinum Defendants"); Kanya Tennysha Coleman; and Brenda Ann

Michelson (collectively, "Individual Defendants") oppose Plaintiffs' motion.[3]  For the following

---

[1]Docket No. 15.

[2]Docket No. 8.  The Court hereafter refers to Daniels Plaintiffs and Levesque Plaintiffs collectively, as "Plaintiffs."

[3]The Court hereafter refers to K Platinum Defendants and Individual Defendants collectively, as "Defendants."

1    reasons, the Court **GRANTS** Plaintiffs' Motion to Remand.

2                                    **BACKGROUND**

3         The current case consists of eleven[4] individual actions, originally brought in state court by

4    different Plaintiffs at various times, against the same group of Defendants.  The state court

5    consolidated the actions for purposes of discovery after determining that the actions presented

6    common questions of law and fact.  After consolidation, Defendants removed all eleven actions to

7    this Court on grounds that two of the recent complaints asserted federal claims.  Daniels Plaintiffs

8    and Levesque Plaintiffs – who are two groups of Plaintiffs in those eleven actions – now seek an

9    order remanding the eleven cases to state court.  A timeline of the relevant procedural history of this

10   action is as follows.

11        On March 12, 2007, the four Daniels Plaintiffs filed individual complaints against

12   Defendants in the Contra Costa County Superior Court asserting state law causes of action for

13   breach of contract, common counts, and fraud.  (Carter Decl. ¶¶ 2-3) (*Dorothy Daniels v. K.*

14   *Platinum Group, Inc. et al.*, Case No.: MSC07-00483; *Theatris Ervin v. K. Platinum Group, Inc. et*

15   *al.*, Case No.: MSC07-00484; *Rendy Lola Perkins v. K. Platinum Group, Inc. et al.*, Case No.:

16   MSC07-00485; *Donna Wilson v. K. Platinum Group, Inc. et al.*, Case No.: MSC07-00486.)  Daniels

17   Plaintiffs served their complaints on K Platinum Defendants on May 1, 2007 and served Coleman on

18   May 18, 2007.  (*Id.* ¶ 2.)

19        On May 11, 2007 Plaintiffs Levesque and Roach filed their joint complaint against

20   Defendants in the Contra Costa County Superior Court asserting various state law causes for fraud,

21

22        [4]A complete list of the eleven state court case numbers is as follows:

23        (1) *Bruce Sarubin v. K Platinum Group, Inc., et al.*, Case No.: MSC 07-00049;
           (2) *Hemwattie Docu v. K. Platinum Group, Inc. et al.*, Case No: MSC07-00080;
24        (3) *Newell Walker v. K. Platinum Group, Inc. et al.*, Case No.: MSC07-00106;
           (4) *Jimmie T. Braden, Sr., v. REPS Real Estate Services, K Platinum International Group, Inc., et al.*, Case
               No.: MSC07-00454;
25        (5) *Dorothy Daniels v. K. Platinum Group, Inc. et al.*, Case No.: MSC07-00483;
           (6) *Theatris Ervin v. K. Platinum Group, Inc. et al.*, Case No.: MSC07-00484;
26        (7) *Rendy Lola Perkins v. K. Platinum Group, Inc. et al.*, Case No.: MSC07-00485;
           (8) *Donna Wilson v. K. Platinum Group, Inc. et al.*, Case No.: MSC07-00486;
27        (9) *Avis Doctor, Chari Ogogo, Paulette Mayo, Karen Smith, Suzette Steinberg, Thomas Steinberg v. K.*
               *Platinum Group, Inc. et al.*, Case No.: MSC07-01016;
28        (10) *Charmaine Bennett v. K. Platinum Group, Inc. et al.*, Case No.: MSC07-01075; and
           (11) *Amy Leveque, George Roach v. Kanya Tennysha Coleman, et al.*, Case No.: MSC07-01018.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  negligent misrepresentation, constructive fraud, breach of contract, negligence, unlawful sales of

2  securities in violation of the California Corporations Code, and a single federal cause of action for

3  violation of Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

4  ("RICO"). (Notice of Removal, Case No. 07-3269 MJJ, Docket No. 1) (*Amy Leveque, George*

5  *Roach v. Kanya Tennysha Coleman, et al.*, Case No.: MSC07-01018) ("*Levesque* action"). Plaintiffs

6  Leveque and Roach served their complaint on Coleman and K Platinum Defendants on May 25,

7  2007, (*id.* at Coleman Decl. ¶ 2), and served Michelson on June 3, 2007, (*id.* at Michelson Decl. ¶ 2).

8      On May 15, 2007 Plaintiffs Doctor, Ogogo, Mayo, Smith, Steinberg, and Steinberg, filed

9  their joint complaint against Defendants in the Contra Costa County Superior Court asserting causes

10  of action identical to those asserted by Levesque and Roach. Plaintiffs served their complaint on

11  Coleman and K Platinum Defendants on May 25, 2007, (*id.* at Coleman Decl. ¶ 2), and served

12  Michelson on June 3, 2007, (*id.* at Michelson Decl. ¶ 2) ("*Doctor* action").

13      On June 8, 2007, the state court judge ordered consolidation of all cases against the K

14  Platinum Defendants and Coleman. The consolidation order was without prejudice to the right of a

15  party to request separation for purposes of trial. (Carter Decl. ¶ 9.)

16      On June 21, 2007, Defendants filed a notice of removal in all eleven cases. Defendants

17  asserted that the *Levesque* and *Doctor* complaints each asserted a federal RICO claim in addition to

18  state law causes of action and that federal subject matter jurisdiction was therefore appropriate

19  pursuant to 28 U.S.C. §§ 1331 and 1367, for the RICO claim and state law claims, respectively.

20  (*See* Notices of Removal.) Plaintiffs subsequently requested that the state court dismiss the RICO

21  claim, however because the state court was without jurisdiction, it declined to do so. (Carter Decl.

22  Ex. 4.)

23      At a hearing on June 25, 2007, the state court ruled that because the *Levesque* and *Coleman*

24  actions were a part of the eleven previously consolidated cases, the removal of the *Levesque* and

25  *Coleman* actions resulted in removal of all eleven cases. (*Id.* Ex. 5, Court Transcript 9:25-12:5.) At

26  that hearing Plaintiffs sought a stipulation from Defendants to dismiss the RICO claim, however

27  Defendants refused, at which point the state court judge opined that Plaintiffs would likely be

28  entitled to sanctions for "making [Plaintiffs] go to federal court and make your [remand] motion."

United States District Court

For the Northern District of California

1   (*Id*. at 8-9.)

2                                    **LEGAL STANDARD**

3          Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state

4   court to federal district court if the district court has subject matter jurisdiction over the case.  The

5   district court has subject matter jurisdiction over a case if there is diversity of citizenship between

6   the parties or if the action is founded on a claim arising under the Constitution, laws, or treaties of

7   the United States.  28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332

8   (diversity jurisdiction); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).[5]

9   As the party seeking to remove the action, the defendant bears the burden of establishing that

10  subject matter jurisdiction exists.  *Ethridge*, 861 F.2d at 1393.  Because the Court strictly construes

11  the removal statute against removal, if there is any doubt as to the existence of federal jurisdiction,

12  the Court should remand the matter to state court.  *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th

13  Cir. 1992).

14         The procedure for removal is set forth in 28 U.S.C. § 1446.  This section provides that a

15  defendant seeking to remove a civil action to federal court must file a notice identifying the basis for

16  removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy

17  of the initial pleading setting forth the claim for relief upon which such action or proceeding is

18  based[.]"  28 U.S.C. § 1446(b).

19         Pursuant to 28 U.S.C. § 1447(c), a plaintiff may challenge the propriety of removal based on

20  procedural defects and move to remand a case to state court within 30 days after the filing of the

21  notice of removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d

22  1034, 1037 (9th Cir. 2003).[6]

23                                      **ANALYSIS**

24         Plaintiffs make a series of arguments against removal.  Daniels Plaintiffs argue that because

25  the deadline for removal is thirty days from service, and because they served their complaints on

26  _____

27         [5]Section 1441(b) further provides that if the basis for federal jurisdiction is diversity of citizenship, removal is
    available only if no defendant is a citizen of the forum state.

28         [6]Untimely removal is a procedural, rather than a jurisdictional, defect.  *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d
    782, 785 (9th Cir. 1992).

                                              4

1   Defendants more than thirty days prior to the removal, Defendants' removal is therefore untimely as

2   to the Daniels Plaintiffs' actions.  Daniels Plaintiffs also contend that a number of the state court

3   actions do not assert federal claims, and therefore removal is improper as to those actions.  Levesque

4   Plaintiffs make similar arguments, but additionally argue that Defendants have failed to properly

5   join each Defendant in their removal, therefore the removal is procedurally improper for lack of

6   unanimity.  Finally, both Plaintiffs point out that they now seek to dismiss their RICO claims, and

7   that this Court should decline to exercise supplemental jurisdiction over the remaining and

8   predominate state law causes of actions.

9       Defendants respond and contend that their removal was timely because the current action did

10  not become removable until the *Levesque* and *Doctor* Plaintiffs served their federal question claims

11  in May 25, 2007.  Accordingly, because the deadline for removal is thirty days, Defendants insist

12  their June, 21 2007 removal was timely.  Defendants also argue that federal subject matter

13  jurisdiction existed at the time of removal by virtue of Plaintiffs' RICO claim.  Lastly, Defendants'

14  submit that Plaintiffs' California Corporations Code claims and common law fraud claims are

15  actually federal claims under the Securities and Exchange Act, and are therefore within the exclusive

16  jurisdiction of this Court.  As explained below, the Court finds Defendants' arguments unpersuasive.

17      It is true that the district courts have supplemental jurisdiction over state law claims that

18  "derive from a common nucleus of operative fact, such that the relationship between the federal

19  claim and the state claim permits the conclusion that the entire action before the court comprises but

20  one constitutional case." 28 U.S.C. § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S.

21  156, 165 (1997) (internal quotations omitted).  However, it is within the court's discretion to remand

22  the supplemental state claims if they meet one of four criteria: (1) "the claim raises a novel or

23  complex issue of State law;" (2) the State law claim "substantially predominates over the claim or

24  claims over which the district court has original jurisdiction;" (3) "the district court has dismissed all

25  claims over which it has original jurisdiction;" or (4) "in exceptional circumstances, there are other

26  compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).

27      Here, having considered the parties arguments and upon good cause shown, the Court

28  initially finds Plaintiffs' request to dismiss their federal claim militates in favor of remanding the

United States District Court

For the Northern District of California

1  entire action.[7]  Although federal subject matter jurisdiction existed in the *Levesque* and *Doctor*

2  actions at the time of their removal, in the exercise of discretion the Court finds that remand is

3  appropriate on the current record.  Plaintiffs' remaining claims arise exclusively under state law and

4  therefore predominate the action.  As to the remaining claims, Defendants have failed to adduce

5  persuasive legal authority for their argument that the remaining state law claims are actually federal

6  claims within this Court's exclusive jurisdiction.  Because there are no remaining federal claims and

7  the because state law claims predominate the action, the Court **GRANTS** Plaintiffs' motion to

8  remand the action.

### CONCLUSION

10        For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand.

12  **IT IS SO ORDERED.**

14  Dated: August 31, 2007                                         _____

15                                                                          MARTIN J. JENKINS
                                                                            UNITED STATES DISTRICT JUDGE

---

[7]The Court **GRANTS** Plaintiffs' request to dismiss their tenth cause of action for violation of RICO.

6

*(left margin, vertical text)* **United States District Court**  For the Northern District of California